EL PUEBLO DE PUERTO RICO, peticionario, *v.* JESÚS BARRETO ROHENA, acusado y recurrido.

*Número:* CC-96-188          *Resuelto:* 4 de noviembre de 1999

*Carlos Lugo Fiol, Procurador General, Edda Serrano Blasini, Subprocuradora General,* y *Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo de Puerto Rico; *Luis A. Pérez Bonilla,* de la *Sociedad para Asistencia Legal,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El Tribunal de Primera Instancia halló incurso en desacato civil a Jesús Barreto Rohena por no satisfacer su

obligación de pagar una pensión alimentaria que le había sido impuesta; ordenó su ingreso en prisión. Barreto Rohena, para poder salir en libertad, debía satisfacer la suma de cinco mil dólares ($5,000).

Eventualmente, después de pasar algún tiempo en la cárcel, Barreto Rohena fue trasladado a un Hogar de Adaptación Social. *De allí, salió de pase temporal y no regresó.*[1] *Fue acusado del delito de fuga, arrestado e ingresado en prisión.* Así las cosas, se celebró una vista en la Sala de Relaciones de Familia en la que la señora madre de Barreto Rohena abonó la suma de mil dólares ($1,000) a la deuda existente. Se acordó un plan de pago para reducir la deuda remanente. En vista a ello, la referida Sala de Relaciones de Familia ordenó la excarcelación de Barreto Rohena; esto no pudo llevarse a cabo ya que el recurrido se encontraba ingresado en prisión por el delito de fuga.

Barreto Rohena solicitó la desestimación del proceso criminal. El Tribunal de Primera Instancia rechazó el pedido, por lo que el recurrido reprodujo su planteamiento ante el Tribunal de Circuito de Apelaciones. El foro apelativo intermedio acogió el argumento y desestimó la acusación. Sostuvo el foro apelativo intermedio que continuar con el proceso por fuga contra Barreto Rohena violentaba el principio de legalidad del vigente Código Penal; esto, pues a su juicio, el legislador no había contemplado la situación del desacato civil al tipificar el delito de fuga.

Inconforme, el Procurador General acudió ante este Tribunal cuestionando la determinación del Tribunal de Circuito de Apelaciones. Arguye el Estado que el desacato civil se ajusta cabalmente a lo proscrito por el delito de fuga ya que cuando se está recluido por desacato civil, la persona está "sometida legalmente a reclusión" por lo que, al evadirse, se comete el delito. Una Sala Especial de Verano de

---

[1] El recurrido Barreto Rohena salió de pase el 10 de agosto de 1995 a las 5:00 A.M., *debiendo regresar a la institución en que se encontraba recluido ese mismo día a las 6:00 P.M., lo que no hizo.*

este Tribunal expidió el auto solicitado. Posteriormente, la División de Apelaciones de la Sociedad para la Asistencia Legal presentó su escrito en el que solicitó, como era de esperarse, la confirmación de la decisión del foro apelativo. Estudiados los argumentos de las partes y el derecho aplicable, resolvemos.

## I

■ Es apropiado, aquí, hacer un breve paréntesis para recordar algunas normas de hermenéutica. Recientemente, este Tribunal. reiteró que todas las leyes, incluyendo las más claras, requieren de algún grado de interpretación. *Pueblo v. Sierra Rodríguez*, 137 D.P.R. 903 (1995). Por supuesto, hay que recordar que "al lenguaje de una ley debe dársele la interpretación que valide el propósito del legislador, conscientes siempre de sus consecuencias". *Pueblo v. Ríos Dávila*, 143 D.P.R. 687, 696 (1997); *Pacheco v. Vargas, Alcaide*, 120 D.P.R. 404, 409 (1988). Por ello, nuestra obligación es hacer viable que el derecho sirva un fin útil y tratar de evitar aquella interpretación tan literal que lleve a resultados absurdos.

■ La claridad y precisión son requisitos ineludibles en el ámbito de la legislación penal. Esto, por imperativo del debido proceso de ley. *Pueblo v. Ríos Dávila*, ante; *Pueblo v. Mantilla*, 71 D.P.R. 36 (1950). En virtud del principio de legalidad, la ley penal debe ser interpretada de forma restrictiva en cuanto a lo que desfavorece al acusado y, liberalmente en lo que le favorece. Art. 8 del Código Penal, 33 L.P.R.A. sec. 3031; *Pueblo v. Rodríguez Jiménez*, 128 D.P.R. 114 (1991). Desde tiempo inmemorial, hemos reiterado que, salvo que un estatuto lo autorice, los tribunales estamos impedidos de tipificar como delito aquella conducta que el legislador no ha definido como ilegal. Esto es, no podemos crear delitos por analogía. *Pueblo v. Bonilla*, 148 D.P.R. 486 (1999).

El estatuto penal debe ser lo suficientemente explícito para notificar de antemano cuál conducta será susceptible de ser castigada. Esto es, la ley no puede estar redactada de tal forma que un individuo de inteligencia común esté obligado a adivinar su significado; ello violaría el debido proceso de ley. Art. II, Sec. 7 de la Constitución del E.L.A., L.P.R.A., Tomo 1; *Pueblo v. Hernández Colón*, 118 D.P.R. 891 (1987). En otras palabras, la ley debe prevenir a los ciudadanos de la conducta prohibida.

Por otro lado, en torno a la controversia que hoy nos ocupa, debemos reseñar que una de las características particulares del desacato civil es su "propósito eminentemente reparador". *Pres. del Senado*, 148 D.P.R. 737, 764 (1999). Así, el desacato civil impone reclusión por un periodo indefinido. La reclusión estará vigente hasta tanto se cumpla con una condición resolutoria: el cumplimiento con la orden del tribunal. Hace varias décadas, se acuñó por este Tribunal una frase que se ha vuelto "famosa", a saber: que a quien se le impone un desacato civil "tiene la llave de las puertas de la prisión en virtud del cumplimiento de su obligación principal y personal, y en esa forma se le da una oportunidad a la parte querellante para obtener el remedio o el resarcimiento que ella realmente interesa". *Pérez v. Espinosa*, 75 D.P.R. 777, 782 (1954), citado con aprobación en *Pres. del Senado*, ante; *Srio. D.A.C.O. v. Comunidad San José, Inc.*, 130 D.P.R. 782 (1992); *Vélez Toro v. Látimer*, 125 D.P.R. 109 (1990).

En términos similares, la profesora Nevares-Muñiz afirma que "[l]a orden de desacato civil tiene el propósito básico de que se cumpla con una orden emitida por el tribunal, en beneficio del otro litigante de la acción civil, la cual ha sido desacatada".[2] La situación específica que plantea los desacatos civiles, producto del incumplimiento

---

[2] D. Nevares-Muñiz, *Sumario de Derecho Procesal Puertorriqueño*, 4ta ed., San Juan, Ed. Inst. Desarrollo del Derecho, pág. 239.

de pago de pensión alimentaria, constituye una medida extrema pero justificada; ello debido al gran interés público que tiene el Estado de que las sentencias de alimentos a menores sean satisfechas. *Sosa Rodríguez v. Rivas Sariego*, 105 D.P.R. 518 (1976). Considerando estos principios básicos y la naturaleza del desacato civil, pasamos a escudriñar el delito de fuga.

## II

■  De entrada, debemos establecer que, a la luz de la jurisprudencia de este Tribunal, no hay duda que si una persona se evade de un hogar de adaptación social, *a priori*, comete el delito de fuga. *Pueblo v. Ríos Dávila*, ante. En el caso ante nos, poco importa si Barreto Rohena escapó del presidio estatal en Río Piedras o del hogar de adaptación social en Carolina. Tampoco resulta aplicable lo resuelto recientemente por este Tribunal en *Pueblo v. Báez y otros*, 149 D.P.R. 469 (1999), ya que aquí se trata de un pase temporal —*de aproximadamente trece (13) horas*— y no de un "pase extendido" como en el caso de *Pueblo v. Báez y otros*, ante.

*La interrogante que plantea el presente caso es si el hecho de que su reclusión obedeciera a un desacato civil impide que se procese a Barreto Rohena por infringir el delito de fuga.* Esto es, si existe alguna distinción en torno al *motivo o razón del confinamiento* de la persona de forma tal que sólo cometen el delito de fuga quienes se evaden estando recluidos por violentar una ley penal.

■  El delito de fuga, según delineado por nuestra Asamblea Legislativa, establece que

[t]oda persona sometida legalmente a detención preventiva, sometida a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico, o privado, supervisado y licenciado por una agencia del mismo ..., sometida legalmente a reclusión o a medida de seguridad de internación, que se fugare, será sancionada conforme a las siguientes penas:

(a) Si estuviere en detención preventiva será sancionada con pena de reclusión que no excediere de seis (6) meses.

(b) Si estuviere sometida a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico, o privado, supervisado y licenciado por una agencia del mismo..., será sancionada con pena de reclusión por un término fijo de seis (6) años. ...

(c) Si estuviere sometida a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico, o privado, supervisado y licenciado por una agencia del mismo..., y el delito imputado fuere menos grave, será sancionada con pena de reclusión que no excederá de seis (6) meses.

(d) Si estuviere cumpliendo sentencia firme o en trámite de apelación por un delito menos grave, será sancionado con pena de reclusión que no excederá de seis (6) meses.

(e) Si estuviere cumpliendo sentencia firme o en trámite de apelación por un delito grave, será sancionada con pena de reclusión por un término fijo de seis (6) años ....

Esta pena será en adición a la sentencia que se le impusiere por el otro delito o a la que estuviere cumpliendo, según fuere el caso; disponiéndose, que no será concurrente con ninguna otra. 33 L.P.R.A. sec. 4428.

Barreto Rohena plantea que el estatuto no cubre la conducta que se le imputa. Es decir, que quien se evade siendo recluso en virtud de un desacato civil, no comete el delito de fuga. Basa su argumento en que los elementos del delito de fuga requieren una interacción con respecto a cada uno de los incisos (penas) allí contemplados. A su juicio, toda vez que en los incisos (a) al (e) no se contempla el tipo de conducta que se le imputa, no puede ser procesado por infringir tal estatuto. Por último, y en resumen, considera Barreto Rohena que sólo cometerían fuga quienes se evadan estando recluidos en virtud de un proceso de índole penal y que, no habiendo pena delineada para el acto que se le imputa, no se le puede imponer ahora una. Se apoya, por supuesto, en el transcrito principio de legalidad. *No estamos de acuerdo.*

■ De una lectura del estatuto, se desprende que se configura el delito de fuga cuando una persona se fuga estando sometida legalmente a:

(1) detención preventiva;

(2) sometida a tratamiento y rehabilitación en un programa del E.L.A. o privado, supervisado y licenciado por una agencia del mismo;

(3) *sometida legalmente a reclusión* o a medida de seguridad de internación.

■■■ Dicha determinación emana de una lectura del primer párrafo del estatuto. Pretende Barreto Rohena que se conjuguen estos tres (3) elementos junto a los incisos correspondientes a las penas. Diferimos. *El listado de penas que contiene el estatuto no tiene ninguna tangencia en cuanto a los elementos del delito.* Simplemente, constituyen las distintas penas para los que cometan el acto imputado. Nada más, nada menos. No hay duda que la conducta que se imputa a Barreto Rohena puede ser constitutiva del delito de fuga. Esto, pues, al momento de evadirse, *estaba sometido legalmente a reclusión.*

La frase "sometida legalmente a reclusión" tiene su génesis en la enmienda que sufrió el estatuto en el 1979.[3] Previamente, el texto del delito de fuga —antes artículo 152— expresaba que cometía el delito de fuga la "persona bajo custodia legal que se fugare".[4] En el año 1979, la terminología cambió, sustituyéndose "persona bajo custodia legal" por "persona sometida legalmente a reclusión". Asimismo, se sustituyó el término "prisión" por "reclusión". Así, subsiguientemente el estatuto de fuga ha sufrido cambios para atemperarlo a las nuevas tendencias.[5] De éstas, la que más ha ocupado la atención legislativa es la relacio-

---

[3] Ley Núm. 3 de 11 de septiembre de 1979 (1979 Leyes de Puerto Rico 1004).

[4] Véanse: Ley Núm. 9 de 29 de diciembre de 1950; Ley Núm. 447 de 14 de mayo de 1952, enmendando lo que en aquel entonces constituía el delito de fuga. 33 L.P.R.A. ant. sec. 509.

[5] Por ejemplo, la Ley Núm. 101 de 4 de junio de 1980 (1980 Leyes de Puerto Rico 298), estableció una corta gama de penas que serían conjugadas de acuerdo a la situación en que se encontraba el imputado al momento de evadirse.

nada con los tratamientos y/o programas de rehabilitación.([6])

En toda esa acción legislativa, respecto al delito de fuga, no hemos hallado *acción específica* de la Asamblea Legislativa respecto a la evasión de un confinado ingresado en la prisión por desacato civil. ¿Significa esto que el estatuto de fuga no abarca la acción cometida por Barreto Rohena? Somos del criterio que no. El estatuto, en lo que aquí nos ocupa, está tipificado de forma abarcadora pero sin rayar en la vaguedad. La Asamblea Legislativa de Puerto Rico ha ejercido su facultad exclusiva de tipificar como delito e imponer una pena para aquellos que, estando *legalmente recluidos* en virtud de un desacato civil, se evaden. Ésa es su función constitucional. *Pueblo v. Carballosa y Balzac*, 130 D.P.R. 842 (1992); *Pueblo v. Martínez Torres*, 116 D.P.R. 793, 796 (1986); *Pérez Vega v. Tribunal Superior*, 93 D.P.R. 749, 759 (1966). No nos compete a nosotros desdibujar la actuación legislativa. Consideramos que la intención legislativa era crear un estatuto abarcador que aplicara a cualquier reclusión voluntaria o forzada. En otras palabras, la Asamblea Legislativa *no* está obligada a considerar, y plasmar en el Código todas las situaciones en que se puede cometer el delito de fuga.

Somos del criterio que se mancilla, *en igual forma*, el respeto que los ciudadanos deben al Estado cuando una persona, que se encuentra recluida en virtud de un desacato civil o recluido en relación con la comisión de un delito criminal, se escapa. En otras palabras, en *ambas* situaciones la persona se "burla" del Estado.

Un examen del historial legislativo del estatuto revela otro fundamento a la posición que hoy asumimos.

---

([6]) Ley Núm. 7 de 17 de enero de 1995 (33 L.P.R.A. sec. 4428, 24 L.P.R.A. sec. 2404 y 34 L.P.R.A. Ap. II).

Además de que el primer párrafo del estatuto indica que quien se evade estando sometido legalmente a reclusión comete el delito de fuga, al final del artículo, el legislador expresó que "[e]sta pena [la del delito de fuga] será en adición a la sentencia que se le impusiere *por el otro delito o a la que estuviere cumpliendo*, según fuere el caso". (Énfasis suplido.) 34 L.P.R.A. sec. 4428. Esta referencia en el texto de la ley no sólo nos remite a la comisión del acto delictivo, sino que abarca otra razón de confinamiento.

Al discutirse el alcance del P. del S. 1119 de 11 de septiembre de 1979, 8va Asamblea Legislativa, 6ta Sesión Ordinaria,(7) el Presidente de la Comisión de lo Jurídico del Senado, Frank Rodríguez García, expuso que el mismo pretendía "disponer que la pena a imponerse por el delito de fuga será en adición a la sentencia que se impusiere *por el otro delito*, y que dicha sentencia no será concurrente con ninguna otra". (Énfasis suplido.) Informe de la Comisión de lo Jurídico sobre el P. del S. 1119, pág. 2. Nótese que ese lenguaje sólo contemplaba que la pena sería además de la del "otro delito". Sin embargo, abordando el mismo proyecto, el Presidente de la Comisión de lo Jurídico de la Cámara, Héctor M. Martínez Colón, *no* limitó el ámbito del estatuto de fuga a sólo actividad delictiva al afirmar que "la pena a imponerse por el delito de fuga será en adición a la sentencia que se impusiere por el otro delito *o a la que estuviere cumpliendo*". (Énfasis suplido.) Informe de la Comisión de lo Jurídico Penal sobre el P. del S. 1119, pág. 1.

Es de notar que este fue el lenguaje que prevaleció en el estatuto vigente. Al añadir la frase antes subrayada, la Asamblea Legislativa anticipó que la reclusión de la cual la persona se evade, puede obedecer a actividad delictiva o "a la [sentencia] que estuviere cumpliendo". ¿Por qué añadir la frase "a la [sentencia] que estuviere cumpliendo" si

---

(7) Proyecto que dio paso a la Ley Núm. 3 de 11 de septiembre de 1979, ante.

no era porque se pretendía abarcar conducta que trascendiera la comisión de delitos?

Al así expresarse el legislador, obviamente, contempló otra actuación que va más allá de los linderos de la actividad delictiva. Al evadirse, Barreto Rohena, si bien no estaba cumpliendo una sentencia en relación a la comisión de un delito criminal, *ciertamente estaba cumpliendo una sentencia, de reclusión indefinida, por la comisión de un desacato civil.*

En torno a la pena, reconocemos que, para actuaciones como las que se le imputan a Barreto Rohena, la Asamblea Legislativa no contempló la misma. Sin embargo, nada impide que acudamos a las disposiciones generales de nuestro Código Penal para hallar la misma.

█ El hecho de que el legislador no contemplara la pena para aquellos individuos que se evaden estando recluidos en virtud de un desacato civil no es óbice para que se les imponga la *pena general* que establece el Art. 13 del Código Penal, 33 L.P.R.A. sec. 3045. Es decir, que toda vez que no se estableció pena para este tipo de situación, corresponde imponer la correspondiente a un delito menos grave —de seis (6) meses— contemplada en el citado Art. 13 del Código Penal, ante.

### III

Por los fundamentos que anteceden, *procede dictar sentencia revocatoria de la dictada por el Tribunal de Circuito de Apelaciones, archivando la acusación presentada por el delito de fuga, devolviéndose el caso al foro de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.*

El Juez Asociado Señor Negrón García concurrió con el resultado. Ratifica los fundamentos expuestos en su disenso en *Pueblo v. Báez y otros*, 149 D.P.R. 469 (1999), de que evadirse de un Hogar de Adaptación Social mientras se

disfruta un pase temporal o extendido, constituye el delito de fuga especial tipificado en los Arts. 10 y 33 de la Ley Núm. 116 de 22 de julio de 1974, Ley Orgánica de la Administración de Corrección, 4 L.P.R.A. secs. 1136 y 1205. Siendo así, no era necesario entrar a discutir si el delito de fuga clásico establecido en el Art. 237 del Código Penal, 33 L.P.R.A. sec. 4433, cubre la evasión de un recluso por desacato civil. La Juez Asociada Señora Naveira de Rodón disintió sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri no intervino.