TEXTO COMPLETO DE LA SENTENCIA
La parte apelante, Luis Adrián Rivera Pomales, procura la revocación de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, (en adelante, “TPF) de 2 de junio de 2004. Mediante la misma, y como resultado de la acción de alimentos que originó el presente pleito, el TPI determinó que el único contrato existente entre las partes y reconocido por dicho foro respecto a la pensión alimentaria lo era la estipulación escrita, firmada y ratificada por las partes con fecha de 6 de noviembre de 2002. A esos efectos, el tribunal modificó la resolución de 26 de diciembre de 2002, la cual estableció la pensión alimentaria a satisfacer. Así, pues, ordenó que los $1,500 mensuales de pensión alimentaria para beneficio de la menor de edad habida entre las partes, fuese provista mediante depósitos por adelantado en los lugares designados por la Administración para el Sustento de Menores (en adelante, “ASUME’). El TPI, a su vez, ordenó acreditar la cantidad de $1,485 pagados por Rivera Morales al colegio donde estudia la menor de edad alimentista. Consignó, además, el TPI lo siguiente:
“Ante la ausencia de pagos realizados en concepto de pensión alimentaria, el Tribunal establece la deuda en $16,515 al mes de octubre de 2003. La parte alimentante, Sr. Luis Rivera Pomales, tiene que realizar un pago total de la deuda de pensión alimentaria, $16,500, en la cuenta de ASUME, número 0326483, no más tarde del 21 de junio de 2004 a las 4:00 de la tarde. Se advierte al alimentante que el tribunal emitirá una orden de arresto e ingreso de incumplirse con el pago de la pensión alimentaria. ” (Enfasis en el original omitido.) 
Por los hechos pertinentes, con el beneficio de la comparecencia de ambas partes y los fundamentos que expondremos a continuación, procede modificar la resolución que nos ocupa.
I
Por segunda ocasión, nos expresamos sobre alguna vertiente de la controversia principal de alimentos en el presente pleito. En la primera oportunidad, mediante Resolución emitida el 23 de febrero de 2004, revocamos un dictamen del TPI, según solicitado por el aquí apelante en Sandra N. Aponte Santini v. Luis A Rivera Pomales, con la identificación alfanumérica KLCE-04-01459. Allí ordenamos la celebración de una vista evidenciada donde las partes tuviesen la oportunidad de presentar prueba en apoyo a sus contenciones para que el TPI adjudicase credibilidad y determinara quién debía prevalecer en lo referente a la forma en que se harían los pagos de la pensión alimentaria. En esta instancia, celebrada la vista evidenciaría ordenada, el apelante acude ante nos nuevamente. Esta vez, el apelante nos solicita que evaluemos la procedencia de la fijación de la pensión *232 alimentaria, a la luz de la apreciación de la prueba efectuada por el foro apelado, y si le asiste o no el derecho a crédito por las cantidades ya satisfechas por dicha parte en concepto de alimentos.
Con el propósito de ubicarnos en el marco procesal apropiado para resolver la presente controversia, reproducimos a continuación el recuento procesal que efectuamos mediante la resolución antes citada y formulamos instancias adicionales suscitadas con posterioridad a dicha fecha.
La parte apelada Sandra N. Aponte Santini interpuso demanda sobre solicitud de alimentos en beneficio de su hija menor de edad, fruto de la relación consensual habida entre las partes de epígrafe. Al cabo de varios trámites procesales, el 6 de noviembre de 2002, las partes presentaron una estipulación luego de celebrada una vista ante el Oficial Examinador de Pensiones Alimentarias y acordaron que el aquí apelante pagaría la cantidad de $1,500 mensuales por concepto de pensión alimentaria en beneficio de la menor de edad. A su vez, convinieron que dicha cantidad sería entregada directamente a la Sra. Aponte Santini, que la Administración para el Sustento de Menores (ASUME) debía cuadrar la cuenta en $0 y con posterioridad a ello debía cerrar- la misma.
Oportunamente, el Tribunal le impartió su aprobación al informe rendido por la Examinadora de Pensiones Alimentarias y el 26 de diciembre de 2002 emitió la correspondiente resolución. Varios días después y ante el alegado incumplimiento del pago de la pensión, la recurrida solicitó se declarara al aquí apelante incurso en desacato. Este por su paite negó adeudar cantidad alguna, ya que los $1,500 de la pensión, por acuerdo entre las partes, los destinó al pago del alquiler del apartamento donde residía la apelada con la hija de ambos.
Así las cosas, y con el propósito de determinar la existencia o no de la deuda alimentaria, el Tribunal señaló una vista. Llegado el día señalado para la vista de mostrar- causa, las partes optaron por someter su caso a base de las argumentaciones y estipulaciones de sus respectivos abogados. La parte alimentante adujo un acuerdo verbal mediante el cual extrajudicialmente estipularon que la pensión alimentaria sería provista con el pago de la vivienda donde reside la apelada con su hija. De aceptarse su contención, el Tribunal tendría que concluir que no se adeudaba la pensión alimentaria. Por otro lado, la representación legal de la parte alimentista negó tal acuerdo extrajudicial y que por el contrario el apelante debió pagarle directamente la pensión y no había realizado pago alguno en ese concepto.
Trabada la controversia, el Tribunal, sin que se celebrara una vista evidenciaria en la cual las partes aportaran prueba para sostener sus alegaciones resolvió que “el único contrato existente entre las partes y reconocido por el Tribunal respecto a la pensión alimentaria es la estipulación escrita, firmada y ratificada por las partes con fecha del 6 de noviembre de 2002”. Siendo ello así, la pensión alimentaria vigente era aquella establecida en la resolución del 26 de diciembre de 2002 mediante la cual se establecía una pensión de $1,500 mensuales a ser pagada directamente a la madre de la menor de edad. No obstante, modificó la aludida resolución a los efectos de que ésta fuese pagada mediante depósito en los lugares designados por la ASUME.
Concluyó el Tribunal que ante la ausencia de dichos pagos la deuda del apelante hasta octubre de 2003 ascendía a $18,000. De otro modo, le ordenó hacer un depósito de $8,000 para abonar a la deuda y le apercibió que le declararía incurso en desacato civil y se diligenciaría la correspondiente orden de arresto e ingreso a la cárcel si no cumplía con el pago de la pensión alimentaria.
Dado el referido curso decisorio, Rivera Pomales recurrió ante nos mediante recurso de certiorari en el caso KLCE-04-01459. En aquella ocasión resolvimos que las conclusiones de derecho planteadas por el tribunal, descansaban únicamente en las argumentaciones de los abogados y no en prueba directa ni testifical ofrecida pol-las partes. Del expediente ante nuestra consideración no surgía que se hubiese celebrado vista evidenciaria alguna. Por ello, el Tribunal recurrido no tenía los elementos de criterio suficientes para dirimir la credibilidad y adjudicar la misma, por lo que ordenamos la pronta celebración de la aludida vista para que una vez recibiera la prueba de las partes adjudicara credibilidad y determinara cuál contención debía prevalecer.
*233 En cumplimiento con dicho mandato, el TPI señaló vista evidenciaría para el 25 de marzo de 2004. Esta vista fue pospuesta por el apelante, por lo que finalmente se llevó a cabo el 30 de abril de 2004.
En la vista evidenciaría, la prueba consistió del testimonio del apelante, su testigo, el Lie. Juan Carlos Morales Girona y prueba documental, incluyendo el Contrato de Arrendamiento de la propiedad donde habita la apelada con la menor de edad. La prueba de la paite apelada consistió de su testimonio y de prueba documental. Mediante declaración vertida en la referida vista, la apelada aceptó no haber pagado nada por concepto de arrendamiento de la vivienda ocupada por ésta y su hija menor de edad, ya que el apelante, según su propio testimonio, era quien satisfacía dicha partida en su totalidad.
Específicamente, la prueba del apelante consistió en evidencia de los pagos que hizo mediante cheques por concepto de arrendamiento los cuales ascendían a la cantidad de $18,000. Además, el apelante presentó el contrato firmado hace varios años por él y la dueña del apartamento donde vive la menor de edad con Aponte Santini. Rivera Morales también presentó prueba de pagos que había hecho al colegio de la niña, entre otros documentos; los mismos fueron aceptados por estipulación. El apelante presentó, a su vez, el testimonio del Lie. Juan C. Morales Girona, quien lo representó legalmente desde que se inició el presente pleito y estuvo presente en la vista de 6 de noviembre de 2002, cuando se acordó por estipulación el aludido pago mensual de $1,500. Acota el apelante que su testigo constató que el contenido del acuerdo verbal entre las partes era precisamente el alegado.
Escuchados los testimonios, el TPI dictaminó la inexistencia del alegado contrato o acuerdo verbal extrajudicial aludido por Rivera Pomales, y esbozó, al respecto, lo siguiente:

“No nos merece credibilidad alguna lo esbozado por el alimentante. En ningún momento, del día 6 de noviembre de 2002 y posteriormente, las partes acordaron que la pensión alimentaria fuera provista mediante el pago de la renta del apartamento. El alegado pago en concepto de canon de arrendamiento esbozado por el alimentante causa un malestar o apariencia de posible [subterfugio] y por tanto un aparente descalabro de la justicia. ” 

Sobre la adjudicación de credibilidad y su apreciación en cuanto al testimonio del Lie. Morales Girona, el TPI determinó que:
“El propio testigo del [apelante] impugnó al Sr. Rivera Pomales. El testigo. Ledo. Juan C. Morales Girona declaró que el único contrato realizado por las partes y en su presencia fue el sometido en sala y aceptado por el Tribunal el día 6 de noviembre de 2002. Véase determinación de hecho número 9. El testimonio del Ledo. Morales, amigo personal del alimentante y su representante legal en ese entonces, reiteró que ese fue el único acuerdo. Por su parte, contrario a lo antes expresado, el Sr. Luis A. Rivera Pomales manifestó que en presencia del Ledo. Morales, las partes (fuera de Sala) realizaron el alegado contrato extrajudicial. Acorde con la prueba este alegado acuerdo verbal extrajudicial no es reconocido por el Tribunal, la parte demandante e incluso por el anterior representante legal, ahora testigo del demandado. ” (Énfasis en el original suprimido.)
Según argumentado por el apelante, el TPI tampoco le concedió crédito por los pagos de pensión por concepto de habitación. Insistió Rivera Pomales que aun cuando el foro apelado entendió que no hubo el acuerdo verbal, cumplió en demostrar que le realizó los pagos de la renta y también pagó la pensión. Es decir, está pagando la partida que le corresponde pagar a la apelada y la parte que debe pagar por su hija; pagando además, el pago doble por concepto de habitación.
Declarada por el TPI el 24 de junio de 2004 como no ha lugar una solicitud de determinaciones adicionales de hechos y derecho, e inconforme con el curso decisorio antecedentemente esbozado, Rivera Morales acudió ante nos mediante la presente apelación. En síntesis, mediante los ocho errores imputados al foro apelado, el apelante *234 cuestionó la razón, si alguna, para no reconocerle que le asiste un derecho a crédito por la pensión que en concepto de arrendamiento ya había realizado, aun cuando dicho foro no creyese que existía un contrato verbal entre las partes. A su vez, cuestionó el por qué el TPI no logró establecer la partida correcta que por concepto de renta debía pagar la parte apelada por ella y por su hija. El apelante interesa que repasamos, además, la procedencia de la determinación del foro apelado que los pagos por dicha parte efectuados por concepto de alquiler de vivienda no fuesen considerados como paite de la pensión alimentaria.
Con el beneficio de la comparecencia de las partes, una transcripción de la prueba y esbozados los hechos fundamentales que conforman la presente controversia, resolvemos.
II
En Puerto Rico, según se conoce, la obligación de los padres de proveer para los alimentos de sus hijos menores está revestida del más alto interés público. Véase, la declaración de política pública de la Ley Orgánica de la Administración para el Sustento de Menores, 8 L.P.R.A. see. 502; Pueblo v. Barreto Rohena, 149 D.P.R. 718 (1999); Figueroa Robledo v. Rivera Rosa, 149 D.P.R. 565 (1999); Soto Cabral v. E.L.A., 138 D.P.R. 298, 325 (1995).
La obligación de alimentar, según resuelto, dimana, configurada como un derecho inherente a la persona, del derecho a la vida garantizado por el Artículo II, Secs. 1 y 7 de la Constitución del Estado Libre Asociado de Puerto Rico. Martínez v. Rivera Hernández, 116 D.P.R. 164, 168 (1985). La misma, además, halla base en principios umversalmente reconocidos de solidaridad humana asociadas al derecho natural e imperativos de los vínculos familiares, Argüello v. Argüello, 2001 J.T.S. 127; Rodríguez Avilés v. Rodríguez Beruff, 117 D.P.R. 616, 621 (1986), y está expresamente estatuida en los arts. 143 y 153 del Código Civil de Puerto Rico, 31 L.P.R.A. sees. 562 y 601. Chévere v. Levis, 150 D.P.R. 525 (2000); Guadalupe Viera v. Morell, 115 D.P.R. 4, 11-13 (1983).
La obligación del sustento de los hijos menores recae sobre ambos padres cuando viven juntos. Una vez disueltos los vínculos entre éstos, se reparte entre ellos el pago de la pensión en cantidad proporcionada a su caudal respectivo. Figueroa Robledo v. Rivera Rosa, supra.
Los "alimentos" que vienen obligadas a proveer las partes a la menor de edad incluyen todo aquéllo que sea indispensable para el sustento, habitación, vestido, educación y asistencia médica de ésta, según la posición social de la familia. Argüello v. Argüello, supra; García Mundo v. Cervoni, 115 D.P.R. 422, 426 (1984); Guadalupe Viera v. Morell, supra, a la pág. 14; 31 L.P.R.A. see. 561.
Es sabido, además, que el Artículo 153 del Código Civil, 31 L.P.R.A. see. 601, impone la obligación en forma indivisible tanto al padre como a la madre, al disponer expresamente que ambos tienen respecto de sus hijos no emancipados, "el deber de...alimentarlos e instruirlos con arreglo a su fortuna...". (Énfasis nuestro.) Vega v. Vega Oliver, 85 D.P.R. 675, 679 (1962).
Pasemos a aplicar el derecho a los hechos en controversia.
III
A
En la situación que nos ocupa, no parece estar en controversia la satisfacción por parte del apelante del pago de $1,500 por todo un año. Sin embargo, la controversia estriba en que, contrario al supuesto acuerdo verbal alegado por el padre de la menor de edad, el pago sería destinado única, directa y exclusivamente a satisfacer la partida de vivienda dentro del conglomerado de lo que, según auscultado, debe ser alimento. Por su parte, el acuerdo escrito establecía que los $1,500 serían pagados directamente a la madre de la menor, acuerdo que *235 mediante resolución del foro apelado fue modificado para que dichos pagos se hicieran a través de ASUME; el apelante prefirió, motu proprio, pagar dicha cantidad para satisfacer sólo la renta o la partida de vivienda.
Por lo visto, el TPI descartó la existencia del alegado contrato verbal y le impartió fuerza vinculante al acuerdo escrito según estipulado por las partes de 6 de noviembre de 2002; es decir, el pago por la cantidad de $1,500 mensuales, pero bajo la modificación judicial de hacer los pagos a través de ASUME, toda vez que estableció una deuda de $16,515 al mes de octubre de 2003. Ante ello, el apelante sostuvo que, independientemente de la determinación del TPI de restarle valor al supuesto acuerdo verbal, sus oportunos pagos de $1,500 realizados por concepto exclusivo de renta sobre el apartamento de referencia debían ser acreditados al pago de pensión ascendente a $16,515. Acotó el apelante que obligarlo a pagar la totalidad de la cantidad sin la debida acreditación o ajuste por lo ya pagado conllevaría un doble pago, “un enriquecimiento injusto” Le asiste la razón, en parte. Expliquemos porqué.
B
A modo de repaso, recordemos que el Código Civil impone la obligación en forma indivisible tanto al padre como a la madre, al disponer expresamente que ambos tienen respecto de sus hijos no emancipados, el deber de alimentarlos conforme su capacidad individual para así hacerlo. 31 L.P.R.A. see. 601.
Sin embargo, no podemos perder de perspectiva que, en cuanto a la manera de fijar el destino correcto de los pagos efectuados por concepto de pensión alimentaria cuando concurre más de un alimentista, la situación debe ser auscultada desde otra óptica enteramente objetiva. Es deck, en los casos de concurrencia de partes alimentantes, como en el caso ante nos, uno de los alimentantes no puede escoger, a su propio arbitrio, la manera cómo se ha de distribuir entre ellos la pensión impuesta para todos; tampoco puede a su discreción decidir la manera de satisfacerla. Guadalupe Viera v. Morell, supra, a la pág. 15. En dicha ocasión, el Tribunal Supremo recalcó que la pensión alimentaria se debe satisfacer en aquella cantidad dispuesta por el tribunal, “sin descuentos hechos a voluntad del alimentante”. Guadalupe Viera v. Morell, supra. Añade el Tribunal Supremo que sólo en aquellos casos en que haya mediado acuerdo previo y ia autorización del Tribunal, el alimentante podrá descontar del monto de la pensión las cantidades de dinero que gaste para beneficio de los menores, entre otros cambios que desee realizar sobre el destino de la referida pensión alimentaria. íd.
En la presente situación, según hemos visto, el TPI descansando en la estipulación firmada por las partes, determinó que la obligación alimentaria del apelante era de $1,500. No obstante, el TPI incidió en no auscultar el desglose, en concepto, del destino de dichos pagos, sobre qué partidas recaerían los pagos individuales y qué partidas le correspondía satisfacer a las partes y por qué cantidad.
Aunque coincidimos con el TPI cuando tomó en consideración un crédito igualmente procedente al ordenar la acreditación a favor del apelante por la cantidad de $1,485 satisfechos por concepto de estudios de la menor de edad, dicho foro, sin embargo, no extendió igual consideración a los pagos debidamente efectuados por el apelante para satisfacer su partida de vivienda.
Según hemos visto, alimentos comprende un abanico de partidas, entre las que se encuentran educación y vivienda. Argüello v. Argüello, supra, Guadalupe Viera v. Morell, supra.
Ahora bien, en el pleito que nos ocupa, el apelante no debió destinar, a su propio juicio, los pagos por la cantidad de $1,500 por concepto de arrendamiento con el único propósito de satisfacer la partida de vivienda y ninguna otra responsabilidad o partida. Ello implica que dejó de satisfacer, a su arbitrio, otras partidas dentro de la gama que comprende alimentos, según hemos repasado, dejando al descubierto la satisfacción pecuniaria de otras necesidades inherentes de la menor de edad.
Además, aun coincidiendo con el foro apelado en torno a que la obligación del apelado de alimentar a su hija *236 queda descargada mediante el pago de los $1,500 mensuales, opinamos que ello no libera al apelante de su obligación de asistirla, quien goza de un derecho independiente a recibir alimentos, en otras necesidades que pueda tener, aparte de satisfacer su proporción o partida de vivienda.
Independientemente de dicha obligación, discrepamos del establecimiento por parte del TPI de una deuda ascendente a la cantidad de $16,515 al mes de octubre de 2003 atribuible al apelante en su totalidad, sin descontar los pagos efectuados por dicha parte para satisfacer la renta de la vivienda aludida. Dicha cantidad, una vez determinada, debe de acreditarse, como cuestión de derecho, a favor de la parte apelante.
Consideramos que la solución más justa, en las circunstancias del caso de autos, es modificar la sentencia apelada para declarar que al apelante le corresponde un crédito por la cantidad ya satisfecha hasta octubre de 2003 por concepto de la partida de vivienda y como parte de su obligación de alimentar a la menor de edad. Este ejercicio servirá, de paso, para determinar la cantidad por la cual la madre de la niña también es responsable de aportar por concepto de la aludida partida de vivienda.
IV
Por los fundamentos expresados, se modifica la sentencia apelada a los fines de dejar sin efecto que la cantidad total adeudada por el apelante por concepto de pensión alimentaria es de $16,515 al mes de octubre de 2003. Colegimos que: i) al no acreditar la cantidad ya satisfecha por el apelante correspondiente a los pagos única y exclusivamente por concepto de vivienda, que obviamente constituia una fracción de los $1,500 mensuales; y ii) no tomar en consideración la paite que le corresponde satisfacer a la madre de la menor de edad -con igual responsabilidad de alimentar-, estaríamos penalizando doblemente y de manera injustificada al padre de cumplir no sólo con su responsabilidad inalienable de prestar alimentos, sino también con la responsabilidad que le corresponde a la madre. En su consecuencia, se devuelve el caso al tribunal apelado para que lleve a cabo el desglose de los $1,500 de pensión alimentaria en las diferentes partidas correspondientes (i.e. vivienda, alimentos, educación y demás). Una vez realizado dicho desglose, se ordena la concesión de un crédito a favor del apelante por concepto de vivienda y, una vez cuantificado dicho crédito, se le reste el mismo a la deuda por la cantidad de $16,515. Por lo demás, se confirma la sentencia en controversia.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Leda. Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones