Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECAL VI[1]

| | | |
|---|---|---|
| MADELEINE CANDELARIO DEL MORAL<br><br>*Recurrida*<br><br>v.<br><br>DAVID EFRÓN<br><br>*Peticionaria* | KLCE202400774 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: K DI1999-1421<br><br>Sobre: Divorcio |

Panel integrado por su presidente, el Juez Rivera Torres, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece el señor David Efrón (señor Efrón o parte peticionaria) mediante recurso de *Certiorari* presentado el 11 de julio de 2024, y nos solicita la revisión de la *Resolución* emitida el 17 de abril de 2024, notificada el 30 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). Mediante el referido dictamen, el TPI encontró a la parte peticionaria incurso en desacato y le impuso una sanción de $10,000.00 por cada mensualidad que este no abone; además, resolvió que la deuda asciende a $28,303,287 más intereses. El 15 de mayo de 2024, el señor Efrón solicitó *Reconsideración* y, el 31 de mayo de 2024, fue declarada No Ha Lugar.

Por los fundamentos expuestos a continuación, ***expedimos*** el auto de *certiorari* y ***confirmamos*** la *Resolución* recurrida.

---

[1] El recurso de epígrafe fue asignado a este Panel conforme a lo dispuesto en la Orden Administrativa OAJP-2021-086 sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones, emitida el 4 de noviembre de 2021, con efectividad del 10 de enero de 2022.

**I.**

Las controversias de este caso tienen su origen en una extensa relación de hechos y procedimientos judiciales ante este Foro intermedio. Sin embargo, para propósitos de facilitar el entendimiento del caso a lo aquí pertinente, los hechos se sintetizan a continuación. La génesis del caso ocurre en el 1999, cuando las partes presentaron las demandas de divorcio KDI1999-1421[2] y KDI1999-1808[3], las cuales fueron consolidadas[4]. El 3 de mayo de 2001, el TPI decretó[5] roto y disuelto el matrimonio entre el señor Efrón y la señora Madeleine Candelario Del Moral (señora Candelario o parte recurrida) por la causal de trato cruel. A su vez, emitió una *Resolución*[6] confiriendo a la señora Candelario recibir la suma de $50,000.00 mensuales por concepto de disfrute de bienes y suma líquida para alimentarse; así como otros $50,000.00 como "*litis expensas*". No obstante, la administración de la Sociedad Legal de Bienes Gananciales fue adjudicada a favor del señor Efrón. Luego, la cuantía mensual fue reducida por el foro primario[7]. Dicho dictamen fue recurrido; y, el 16 de febrero de 2006, esta Curia[8] restituyó a $50,000.00 mensuales la cantidad a la que la señora Candelario tiene derecho a recibir mensualmente como participación por concepto de disfrute de bienes gananciales.

Tras innumerables incidentes procesales acontecidos desde el 2001 hasta el presente, el 17 de abril de 2024, el TPI celebró vista para mostrar causa por la cual no se le debía encontrar incurso en desacato al señor Efrón. La parte peticionaria esgrimió varios argumentos, a saber: que se debe determinar el valor actual del caudal comunal (ganancial); solicitó la consolidación del caso de

---

[2] Apéndice del recurso, pág. 8.
[3] Apéndice del recurso, pág. 12.
[4] Apéndice del recurso, págs. 15-16.
[5] *Íd.*
[6] Apéndice del recurso, págs. 19-50.
[7] KLRX201000024.
[8] KLCE200500605 consolidado con KLCE200500616.

divorcio con el de liquidación de la sociedad legal de gananciales; y que no debe encontrarse incurso en desacato porque no cuenta con los ingresos para satisfacer el pago de $50,000.00 dólares mensuales a favor de la parte recurrida, por lo que procede una vista ante los alegados cambios de circunstancias y una vista a tenor con el Artículo 460 del Código Civil[9] .

El 17 de abril de 2024, el foro primario emitió la Resolución impugnada. En la cual, concluyó:

> Habiendo reconocido el demandado no haber realizado los pagos de $50,000 según ordenados por el Tribunal sin demostrar justa causa para dicho incumplimiento, se le encuentra incurso en desacato y se le impone una sanción de $10,000 por cada mensualidad que, en adelante, deje de abonar, pagaderos a la Sra. Candelario Del Moral.

Inconforme con la determinación del foro primario, el 11 de julio de 2024, la parte peticionaria acudió ante esta Curia e imputó al foro primario la comisión de los siguientes errores:

> **Primer error**: Erró en Tribunal de Primera Instancia al determinar que el impago de la Sentencia imponiendo adelantos ascendentes a $50,000 mensuales por concepto de adelantos constituye desacato.
>
> **Segundo error**: Erró el Tribunal de Primera Instancia al establecer una deuda, la cual por mandato del Tribunal debe deducirse de la participación que le corresponda a la otra parte, sin previamente cuantificar cual es la participación que el correspondería a la Recurrida.
>
> **Tercer error**: Erró el Tribunal de Primera Instancia al determinar que no procede la imposición de una fianza a Candelario para garantizar el cumplimiento de la Sentencia y el garantizar el pago de las deudas y obligaciones de la comunidad y el pago de los créditos a favor de Efrón.
>
> **Cuarto error**: Erró el Tribunal de Primera Instancia al denegar la consolidación del caso con el caso de liquidación de la comunidad de bienes el cual se litiga en una Sala del mismo Tribunal.
>
> **Quinto error**: Erró el Tribunal de Primera Instancia al denegar la solicitud de vista para modificar la suma impuesta por concepto de adelantos por existir cambios de circunstancias.
>
> **Sexto error**: Erró el Tribunal de Instancia al imponer una sanción de $10,000 mensuales a Efrón por cada impago de la suma total de $50,000 mensuales a favor de Candelario por ser ésta irrazonable.

---

[9] 31 LPRA secc.1600.

El 12 de agosto de 2024, la señora Candelario presentó *Oposición a Petición de Certiorari,* por lo que, con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

## -A-

El desacato es un procedimiento *sui generis* cuyo objetivo es vindicar la autoridad y dignidad del tribunal[10]. La característica esencial del desacato es que la parte perjudicada siempre es el tribunal[11]. Por lo tanto, el poder de castigar por desacato ya sea civil o criminal, es un atributo inherente que posee el Poder Judicial para velar por el funcionamiento ordenado de los procesos que debe imperar en los tribunales. A su vez, los actos constitutivos de desacato pueden ser directos o indirectos[12]. Se incurrirá en desacato directo cuando la acción u omisión lesiva a la adecuada administración de la justicia se cometa en presencia del tribunal[13].

El Art. 2.017 de la Ley Núm. 201-2003, mejor conocida como la Ley de la Judicatura, dispone que los jueces y las juezas tienen el poder para castigar por desacato[14]. El procedimiento de desacato en nuestra jurisdicción proviene de tres fuentes jurídicas y se fundamenta en "el poder inherente de los tribunales para hacer cumplir sus órdenes"[15]. Dicho mecanismo está dirigido a que los jueces y juezas puedan guardar e imponer el orden en su presencia y en los procedimientos ante su consideración. Por esta razón, se utiliza para que los tribunales restablezcan su autoridad y dignidad, además de hacer cumplir sus órdenes, sentencias y providencias[16]. Este mecanismo también se utiliza para realizar u ordenar cualquier

---

[10] *Pueblo v. Torres*, 56 DPR 605, 623 (1939).
[11] *In re: Cruz Aponte,* 159 DPR 170, 182 (2003).
[12] *ELA v. Asoc. De Auditores,* 147 DPR 669 (1999).
[13] *In re: Cruz Aponte,* 159 DPR 170 (2003).
[14] 4 LPRA secc. 24o(j).
[15] *ELA v. Asoc. de Auditores*, 147 DPR 669, 681 (1999).
[16] *In re: Velázquez Hernández*, 162 DPR 316, 326 (2004).

acto que resulte necesario a fin de cumplir a cabalidad sus funciones[17].

La autoridad de condenar por desacato es un poder inherente de todos los tribunales; su existencia es esencial para la conservación de orden en los procedimientos judiciales y para hacer cumplir las sentencias, órdenes y autos de los tribunales y, por lo tanto, para la debida administración de la justicia[18].

Por otra parte, cuando nos referimos al desacato civil, el debido proceso de ley exige que, previo a su imposición, se conceda una orden para mostrar causa dentro de un término razonable, la oportunidad de conocer la falta que se le imputa, las circunstancias bajo las cuales, y el sitio y fecha en que la incurrió, y los hechos que la constituyen, de manera que la persona tenga una oportunidad razonable de presentar su defensa[19]. La sentencia mediante la cual se castiga con la imposición del desacato civil ha de establecer el acto o actos constitutivos de dicho desacato, así como la fecha y lugar de su comisión y las circunstancias de la misma[20].

**-B-**

Se ha sostenido que el más poderoso instrumento para hacer justicia reservado a los jueces es la discreción[21]. La discreción judicial consiste en el poder que tiene un tribunal para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción[22]. Sin embargo, el adecuado ejercicio de la discreción está inexorablemente atado al concepto de la razonabilidad[23]. Se es

---

[17] *Íd.*

[18] *Pueblo v. Pérez Díaz*, 99 DPR 788, 800 (1971).

[19] El desacato civil sólo está sujeto a las *garantías mínimas del debido proceso de ley*, lo que incluye el derecho a ser notificado y una adecuada oportunidad a ser escuchado. *United Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994). La potestad de la cual están investidos los tribunales para imponer un desacato es una función inherente de la función judicial. *Pueblo v. Lamberty González*, 112 DPR 79, 81 (1982).

[20] *Pueblo v. Pérez Díaz, supra*, pág. 802.

[21] *Rodríguez v. Pérez*, 161 DPR 637, 661 (2004). *Torres v. Junta Ingenieros*, 161 DPR 697, 715 (2004).

[22] *García v. Asociación,* 165 DPR 311, 321 (2005); *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

[23] *García v. Asociación, supra*, pág. 321.

irrazonable o se abusa de la discreción cuando el tribunal al emitir su decisión no toma en cuenta o ignora, sin fundamento para ello, un hecho material importante que no debió ser pasado por alto; o cuando el tribunal, sin justificación ni fundamento, le da gran peso y valor a un hecho irrelevante e inmaterial, basando su decisión exclusivamente en ese hecho; o cuando aun considerando y tomando en cuenta hechos materiales importantes y descartando los irrelevantes, el Juez sopesa y calibra livianamente los mismos[24]. En cuanto a nuestra función revisora, se ha reiterado que en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones discrecionales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción[25]. Ello está predicado en la premisa de que el foro apelativo no puede pretender administrar ni manejar el trámite regular de los casos ante el Tribunal de Primera Instancia.

### -C-

La Regla 56.3 de las de Procedimiento Civil[26] dispone: Un remedio provisional sin la prestación de fianza podrá concederse en cualquiera de los casos siguientes:

> (a) Si aparece de documentos públicos o privados, según definidos por ley y firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible, o
> (b) cuando sea una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación, y a juicio del tribunal la demanda aduce hechos suficientes para establecer una causa de acción cuya probabilidad de triunfo sea evidente o pueda demostrarse, y haya motivos fundados para temer, previa vista al efecto, que de no obtenerse inmediatamente dicho remedio provisional la sentencia que pueda obtenerse resultaría académica porque no habría bienes sobre los cuales ejecutarla, o
> (c) si se gestiona el remedio después de la sentencia. [...].

---

[24] *Pueblo v. Ortega Santiago, supra*, págs. 211-212.
[25] *García v. Asociación, supra*, pág. 322; *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).
[26] 32 LPRA Ap. V, R. 56.3.

**-D-**

La Regla 85 del Reglamento del Tribunal de Apelaciones de Puerto Rico permite que, en el ejercicio de la sana discreción, se impongan sanciones económicas ante la presentación de recursos frívolos[27]. Este tipo de sanción puede ser impuesta, entre otros, a favor del Estado[28]. En lo pertinente, la citada disposición establece lo siguiente:

> (B) *Si el Tribunal de Apelaciones determina que el recurso ante su consideración es frívolo o que se presentó para dilatar los procedimientos, lo denegará* o desestimará, según sea el caso, *e impondrá a la parte promovente* o a su abogado o abogadas las costas, los gastos, los honorarios de abogado y *la sanción económica que estime apropiada*, la cual deberá reflejar, en lo posible, el costo de la dilación para el Estado y para la parte opositora recurrida causado por la interposición del recurso, conforme a las guías que establezca el Tribunal de Apelaciones. El tribunal impondrá iguales medidas a la parte promovida o a su abogado cuando determine que la contestación al recurso es frívola o que ha sido presentada para dilatar los procedimientos[29]. (Énfasis nuestro).

**III.**

Es menester puntualizar que, este foro intermedio ha emitido más de diez (10) resoluciones finales y sentencias sobre el petitorio de la parte peticionaria. Desde el 2001, se dispuso el pago de la suma de $50,000.00 mensuales a favor de la señora Candelario; así como, también es un hecho cierto y no refutado por el señor Efrón, que no ha desembolsado cantidad alguna para cumplir con la orden emitida por el Poder Judicial.

Así pues, y según hemos reseñado anteriormente, los tribunales tienen facultad para tomar medidas dirigidas a evitar cualesquiera conductas que tienda a impedir u obstruir la administración de la justicia. No cabe duda de que, cuando una parte incumple con los requerimientos del tribunal, este está facultado para imponer una sanción incluyendo el desacato.

---

[27] 4 LPRA Ap. XXII-B, R. 85 (B).
[28] *Íd.*, inciso (D).
[29] *Íd.*, inciso (B).

Reiteramos que el desacato civil tiene un fin reparador al obligar a una persona a que cumpla con las órdenes del tribunal[30].

Conforme con esos principios, los errores primero y sexto no fueron cometidos. A esos fines, nuestro Tribunal Supremo ha resuelto que el mecanismo del desacato no es punitivo y la imposición de la pena por tiempo indefinido no es su finalidad primordial, sino sirve solamente como un medio para el logro del cumplimiento de una orden original[31]. Es decir, la orden de desacato civil tiene el propósito básico de que se cumpla con una orden emitida por el tribunal, que ha sido desacatada, en beneficio del otro litigante de la acción civil. Ciertamente, la imposición del desacato que determina el foro primario es la consecuencia natural de la conducta desplegada por el señor Efrón, quien ha hecho caso omiso a las órdenes del TPI **sin siquiera intentar justificar su incumplimiento,** lo cual demuestra un patrón de inobservancia con las órdenes judiciales. Por tal razón, la determinación del TPI resulta ser una razonable y este Tribunal ha sido consistente y enfático que no tolera el reiterado incumplimiento de la parte peticionaria.

Por estar estrechamente relacionados, discutiremos en conjunto los errores segundo, cuarto y quinto. En específico, la parte peticionaria alega que debe cuantificarse el valor actual de la comunidad de bienes y la participación de la señora Candelario, así como solicita que proceda la consolidación del caso de divorcio con el de división de bienes gananciales, y requiere la modificación de los $50,000.00. Los errores que aduce la parte peticionaria son un subterfugio para relitigar los asuntos ya dilucidados ante los

---

[30] *In re: Velázquez Hernández,* 162 DPR 316, 327 (2004); *Álvarez v. Arias,* 156 DPR 352, 372 (2002); *Pueblo v. Barreto Rohena,* 149 DPR 718, 723(1999); Pres. del Senado, 148 DPR 737, 762-763 (1999) (1999); *Srio. de DACO v. Comunidad San José,* 130 DPR 782, 804 (1992).
[31] *Pérez v. Espinosa,* 75 DPR 777, 781-782 (1954).

tribunales[32], dilatando así la ejecución. Por tal razón, colegimos que no se cometieron los errores segundo, cuarto y quinto.

Finalmente, atenderemos el error tercero sobre la necesidad de fijarle una fianza a la señora Candelario. Adelantamos que no le asiste la razón a la parte peticionaria. Veamos. La Regla 56.3 de las de Procedimiento Civil[33] dispone que la fianza que se ordena prestar a quien solicita el remedio provisional tiene por fin responder por los daños y perjuicios que pudieran surgir a consecuencia del aseguramiento requerido. En *Blatt & Udell v Core* 110 DPR 142, 144 (1989), el Tribunal Supremo establece que: *Se podrá conceder un remedio provisional sin la prestación de fianza, si apareciere de documentos públicos o privados firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible, o si se gestionara el remedio después de sentencia. En todos los demás casos, el tribunal exigirá la prestación de una fianza suficiente para responder por todos los daños y perjuicios que se causen al demandado como consecuencia del aseguramiento....*

En el caso de autos, el escrito de la parte peticionaria obvia la discusión del primer error y descansa en meras alegaciones sin proveer las disposiciones de ley y la jurisprudencia aplicable, en fin, incumple con la Regla 34(C) del Reglamento del Tribunal de Apelaciones[34]. Por lo expresado, no estamos en posición de atender este error imputado por la parte peticionaria.

Luego de examinar el expediente del caso ante nuestra consideración, no hemos hallado abuso de discreción del TPI. Como vemos, ninguno de los errores señalados fue cometido.

---

[32] KLRX200700059, KLRX2010000024, KLCE201401167, KLCE201901529 y KLCE202001004.
[33] 32 LPRA Ap. V, R. 56.3.
[34] 4 LPRA Ap. XXII-B, R. 34(C).

**IV.**

Por los fundamentos antes expuestos, ***expedimos*** el auto de *Certiorari* y ***confirmamos*** el dictamen emitido por el foro primario. En consecuencia, imponemos a la parte peticionaria la sanción económica de $5,000.00 a favor del Estado Libre Asociado de Puerto Rico, la cual deberá pagar mediante sellos de rentas internas en la Secretaría del Tribunal de Apelaciones en un término de quince (15) días. De igual forma, en un término no mayor de quince (15) días, deberá mostrar evidencia de que la sanción fue satisfecha.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Álvarez Esnard disiente, sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones