# CASOS RESUELTOS

EN LA

# CORTE SUPREMA DE PUERTO RICO

---

URRIZA, DEMANDANTE Y APELADA, *v.* VILLANÚA ET AL.,
DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 1ª., en un caso sobre alimentos provisionales.

MOCIÓN para que se desestime la apelación.

No. 654.—Resuelto en enero 13, 1914.

ALIMENTOS PROVISIONALES—CONSIGNACIÓN EN CASOS DE APELACIÓN.—Aun cuando
de acuerdo con el artículo 84 de la ley de procedimientos legales especiales
de marzo 9, 1905, los preceptos de la ley de desahucio son aplicables a los
procedimientos para reclamar alimentos provisionales, sin embargo como según
precepto expreso de la Ley la apelación no suspende la ejecución de la sen-
tencia en los casos de alimentos provisionales es indudable que la intención
del legislador ha sido que los preceptos de la ley de desahucio se apliquen a
los casos de alimentos provisionales hasta que se dicte la sentencia y que no
es necesario que se haga consignación alguna para apelar.

ID.—TRANSCRIPCIÓN DE AUTOS—TÉRMINO PARA PRESENTARLA.—El término para
presentar la transcripción de autos en un caso sobre alimentos provisionales
se rige por los preceptos generales del Código Enjuiciamiento Civil y el
término de cinco días de que trata la sección 13 de la ley de desahucio de
marzo 9, 1905, no tiene aplicación a la presentación de la transcripción
de autos.

Los hechos están expresados en la opinión.

Abogados de la apelada: *Sres. Alvarez Nava y Domínguez
y Francisco de la Torre.*

Abogados de los apelantes: *Sres. José de Diego y Luis
Méndez Vaz.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

1

Dos son los fundamentos en que se basa esta moción para que la apelación sea desestimada. La acción establecida en la corte inferior fué para obtener una pensión alimenticia de $50. Habiendo la corte dictado sentencia contra el demandado condenándole a satisfacer dicha pensión, interpuso éste oportunamente recurso de apelación contra la misma. Alega la apelada, sin embargo, que el apelante dejó de consignar las pensiones alimenticias como lo exige la ley, y además que no se archivó la transcripción de autos en este tribunal en tiempo oportuno.

La ley dispone que en acciones sobre alimentos provisionales los procedimientos deberán ajustarse a los de la ley sobre desahucio, y como dicha ley exige que se haga una consignación o depósito al interponer apelación, sostiene la apelada que tal depósito deberá hacerse en acciones sobre alimentos provisionales. En los pleitos de desahucio la apelación produce el efecto de suspender la ejecución de la sentencia, pero no ocurre lo mismo en acciones sobre alimentos o en otros procedimientos especiales que se rigen por el artículo 84 de la Ley de Procedimientos Legales Especiales. Este artículo es el mismo que prescribe que los procedimientos en reclamación de alimentos provisionales se tramitarán en la forma prescrita para el juicio de desahucio, disponiendo claramente que la ejecución de la sentencia en esa clase de juicios no será obstaculizada por virtud de la apelación que se interponga. Por tanto, es evidente que la intención de la legislatura fué solamente hacer que el procedimiento sobre alimentos provisionales se tramitara según el prescrito por la ley de desahucio, hasta el momento de dictarse sentencia. Véase el caso de *Rodríguez* v. *Gómez,* 16 D. P. R., 850.

Los apelantes, sin embargo, presentaron una certificación de la que aparece que se libró orden de ejecución, habiéndose cobrado la suma de $150 por virtud de la misma, o sea por la cuantía de las pensiones que no habían sido satisfechas hasta la fecha de la ejecución. No vemos razón por la que

pueda exigirse a un apelante que haga un depósito en casos sobre reclamación de alimentos provisionales.

La moción es sumamente insuficiente en lo que respecta al primer fundamento que se alega para la desestimación, pues meramente se expresa en ella que no se ha cumplido con la orden, lo que podría sencillamente ser una conclusión de derecho; además en la moción no se alega que se deba nada.

En cuanto a la segunda parte de la moción, el término dentro del cual debe archivarse la transcripción se rige por el Código de Enjuiciamiento Civil, de acuerdo con las disposiciones de la Ley de Procedimientos Legales Especiales. El juez obrando dentro de sus facultades concedió una prórroga, y no existe base alguna para declarar con lugar la moción formulada por la apelada. Esta al parecer fundó sus alegaciones en el artículo 13 de la Ley de Desahucio, que dispone que los secretarios y los taquígrafos practicarán las diligencias que les incumbieren dentro del preciso término de cinco días, contados desde la fecha de la presentación del escrito de apelación. Evidentemente que este artículo no tiene aplicación al caso.

Debe desestimarse la moción.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.