Molinari, Peticionaria, *v.* López Acosta, Juez de Distrito, Demandado.

Solicitud para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de Guayama en un caso sobre reclamación de alimentos.

No. 117.—Resuelto en mayo 25, 1914.

Alimentos Provisionales—Apelación Contra Resolución Aumentando la Pensión Alimenticia—Suspensión de la Ejecución de la Sentenca Durante la Tramitación de la Apelación.—Los preceptos del artículo 84

de la ley de Procedimientos Legales Especiales de marzo 9, 1905, son aplicables lo mismo a la sentencia primitiva concediendo una pensión alimenticia como a las resoluciones posteriores aumentando dicha pensión, y por tanto la apelación contra una resolución aumentando una pensión alimenticia no suspende la ejecución de la resolución enmendando la sentencia primitiva.

Id.—Sentencias Dictadas en Acciones Sobre Reclamación de Alimentos—Carácter de las Mismas—Cosa Juzgada.—La sentencia que se dicta en una acción sobre alimentos no tiene el carácter de una sentencia definitiva ordinaria, ni constituye cosa juzgada, sino que por el contrario la pensión puede ser aumentada o reducida, o suprimida en absoluto.

Id.—Aumento de la Pensión Concedida—Aplicación de los Trámites de la Acción de Desahucio.—Si las partes insisten en ello toda nueva reclamación sobre alimentos, ya sea aumentando o disminuyendo la pensión, debe tramitarse de acuerdo con el procedimiento marcado para la acción de desahucio.

Los hechos están expresados en la opinión.

Abogados de la peticionaria: *Sres. Rossy & Guillermety.*

El demandado Hon. J. A. López Acosta compareció por escrito en nombre propio.

Abogado de la parte interventora Carolina Luzunaris: *Sr. C. Domínguez Rubio.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La solicitud en la cual se interesa la expedición de un auto de *certiorari* expresa que Carolina Luzunaris como legítima madre de Ignacio Ramón Díaz y Luzunaris siguió una acción contra su esposo Ramón Pastor Díaz y Doña Rufina Molinari de Cividanes en reclamación de alimentos, y que se dictó sentencia en 29 de noviembre de 1907, por la cual se declaraba que Doña Rufina como abuela del niño debía darle la pensión mensual de veinte y cinco dólares porque su padre el Sr. Díaz, era insolvente; que ahora en ese mismo pleito Doña Carolina pide la modificación de la anterior sentencia para aumentar la pensión a sesenta dólares a cuya petición se opuso Doña Rufina alegando que su hijo Don Ramón Pastor Díaz estaba en condiciones de sostener a su hijo Ignacio; que en 29 de enero corriente la corte dictó una orden (*sic*) modificando aquélla sentencia y ordenando que Doña Rufina pagase desde entonces a dicho menor nieto suyo, la cantidad de cincuenta dólares mensuales; que la demandada, Doña Rufina apeló de esa orden de 29 de enero, y en estas circuns-

tancias la corte de distrito dictó otra orden para requerir a Doña Rufina a que pague los cincuenta dólares a pesar de la apelación establecida, o que se libre ejecución contra sus bienes.

A la orden de enero 29, 1914, se le llamó "resolución," y de ella aparece que las partes fueron oídas y tuvieron la oportunidad de presentar pruebas ante la corte, pero que solamente la demandante introdujo tales pruebas. Se expidió el mandamiento de *certiorari* debidamente, presentando su contestación escrita el Juez de la Corte de Distrito de Guayama, radicando tanto éste como las partes interesadas sus alegatos.

Los preceptos de la ley pertinentes son los artículos 215 y 216 del Código Civil y el artículo 84 de la Ley sobre Procedimientos Legales Especiales, los cuales son los siguientes:

"Artículo 215.—Cuando recaiga sobre dos o más personas la obligación de dar alimentos, se repartirá entre ellos el pago de la pensión en cantidad proporcionada a su caudal respectivo.

"Sin embargo, en caso de urgente necesidad y por circunstancias especiales, podrá el juez obligar a uno solo de ellos a que los preste provisionalmente, sin perjuicio de su derecho a reclamar de los demás obligados la parte que les corresponda.

"Cuando dos o más alimentistas reclamaren a la vez alimentos de una misma persona obligada legalmente a darlos, y ésta no tuviere fortuna bastante para atender a todos, se guardará el orden establecido en el artículo anterior, a no ser que los alimentistas concurrentes fueren el cónyuge y un hijo sujeto a la patria potestad, en cuyo caso aquél será preferido a éste si fuese padre o madre del hijo solicitante, y si no lo fuese, se distribuirá por igual entre ambos.

"Artículo 216.—La cuantía de los alimentos será proporcionada a los recursos del que los da y a las necesidades del que los recibe, y se reducirán o aumentarán en proporción a los recursos del primero y a las necesidades del segundo."

"Artículo 84.—Toda reclamación sobre alimentos provisionales se tramitará en la forma prescrita para el juicio de desahucio. Contra la sentencia que se dicte en esta clase de juicios se podrá utilizar el recurso de apelación, sin que ésta obstaculice la ejecución de aquélla."

Se alega a nombre del demandado que la orden de enero 29 formaba parte de la sentencia primitiva de igual modo que la primera orden para el pago de los veinte y cinco dólares mensuales también era parte de dicha sentencia primitiva. Tal vez la alegación esté bien fundada, pero en ella no se resuelve la objeción que ha sido formulada por la peticionaria en este caso, a saber, que la sección 84 de la Ley de Procedimientos Legales Especiales es aplicable solamente a la sentencia primitiva y no a las providencias que luego se dicten; en otras palabras, la peticionaria alega que la sección 84, en cuanto suspende la ejecución, es de aplicación únicamente a la sentencia primitiva y no a ninguna providencia subsiguiente que la modifique, bien aumentando o reduciendo la cuantía de la pensión mensual. Según el artículo 188 del Código de Enjuiciamiento Civil una sentencia es la decisión definitiva sobre los derechos de las partes en un pleito o procedimiento. Pero el artículo 216 del Código Civil prescribe que la cuantía de la pensión mensual podrá reducirse o aumentarse en proporción a los recursos de la persona obligada a satisfacerla y a las necesidades del que la recibe; de manera que la sentencia que se dicte en una acción sobre alimentos no tiene el carácter de una sentencia definitiva ordinaria, no constituye *cosa juzgada* en tal sentido, puesto que la suma que por ella se concede puede ser aumentada o reducida, y entendemos que podrá cesar en absoluto, por ejemplo, si el padre estuviera en condiciones de pagar una cantidad mensual relevando a la abuela de esta obligación.

La solicitud presentada en este caso interesando el aumento de la pensión mensual fué conocida con el nombre de "moción" y radicada en la misma acción. La demandada, en cambio, se opuso a ella, alegando que el padre estaba en condiciones de prestar dichos alimentos y la corte, después de oir a las partes, dictó una nueva resolución. En toda la solicitud sobre modificación o aumento de una pensión probablemente podría surgir semejante conflicto y las cuestiones promovidas originalmente ser nuevamente presentadas a la

corte.   La reclamación hecha por la parte que recibe la pen-
sión es una nueva y las condiciones y circunstancias siempre
varían y presentan nuevas cuestiones, pero .el artículo 84
de la Ley de Procedimientos Legales Especiales prescribe
que toda reclamación sobre alimentos provisionales se tra-
mitará en la forma prescrita para el juicio de desahucio, que
se puede utilizar el recurso de apelación contra la sentencia
que se dicte en esta clase de juicio, pero que tal apelación no
será un obstáculo para la ejecución de la sentencia.   Tal vez
si las partes insistieran, cualquiera nueva reclamación ten-
dría que ajustarse al procedimiento de la acción de desahu-
cio, pero como quiera que sea, creemos que toda solicitud
sobre aumento de pensión alimenticia constituye una nueva
reclamación y la resolución que sobre la misma se dicte es
por su naturaleza esencial una sentencia.   La sentencia ori-
ginal está sujeta a modificación; la nueva sentencia es sucep-
tible de cambio.   Ellas tienen esencialmente el mismo carác-
ter, cada una de las mismas es el mandato dictado por la
corte a virtud de moción presentada por el necesitado, y cree-
mos que la última resolución puede ejecutarse de igual modo
que pudo ser ejecutada la primera.   Cualquier cuestión du-
dosa que pueda haber debe resolverse en favor de lo que en-
tendemos que fué claramente la intención de la legislatura
tal como consta en los artículos 215 y 216 del Código Civil,
cuyo objeto era la ayuda inmediata a las personas que soli-
citen alimentos.   Alega el peticionario que esta intención
podría ser aplicable solamente para aliviar las necesidades
perentorias de una persona necesitada; pero cuando dichas
necesidades han aumentado es de aplicación esta misma inten-
ción de la legislatura de que deberán ser satisfechos los ali-
mentos teniendo en cuanto el aumento en las necesidades de
la persona que los solicite.   Debe anularse el auto de *cer-
tiorari.*

>           *Desestimada la solicitud y anulado el manda-
>     miento expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.