ENRIQUE GERMÁN, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. MARCELINO ROMANY, JUEZ, demandada.

Núm. 1565.—*Sometido:* Abril 14, 1944. *Resuelto:* Mayo 5, 1944.

*Marrero & Sánchez,* abogados del peticionario; *Gaetán Roberts & Alcalá,* abogados de la parte contraria en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En varias ocasiones Enrique Germán, anterior esposo de Carmen Lanclós, había dejado de cumplir con la sentencia de la corte de distrito en un recurso instituído en su contra por su ex esposa sobre alimentos de sus tres hijos menores. La sentencia le ordenaba que depositara $30 mensuales por concepto de alimentos para sus menores hijos. Debido a su más reciente incumplimiento con los términos de dicha sentencia, Germán fué sentenciado a treinta días de cárcel por desacato. Germán apeló esta última sentencia y solicitó de la corte le señalara fianza en apelación. La corte de distrito denegó la moción solicitando fianza. Expedimos el auto de *certiorari* para determinar si la corte de distrito estaba autorizada a negarse a fijar la fianza en apelación.

■ El primer punto a determinarse es si la sentencia de treinta días de cárcel es o no apelable. La corte de distrito no resolvió que dicha sentencia fuera inapelable. Su resolución dice como sigue:

"Este caso se tramitó de acuerdo con el artículo 618 del Código de Enjuiciamiento Civil que expresamente dispone que la apelación no obstaculizará la ejecución de la sentencia. Si la sentencia en este caso se hubiera ejecutado con una orden de embargo la apelación no hubiere suspendido la ejecución de la sentencia por ese medio. Tampoco suspende una orden de encarcelación dictada con el propósito de ejecutar la sentencia. Una apelación contra una sentencia que condenase en cárcel por incumplimiento de la orden para pasar alimentos y que la suspendiese en todos sus efectos tiene el efecto legal, por ese medio, de obstaculizar la ejecución de la sentencia principal. Sería un medio de burlar los claros mandatos del artículo 618 del Código de Enjuiciamiento Civil. En apoyo de esta orden véanse *Rodríguez* vs. *Gómez*, 16 D.P.R. 850; *Urriga* vs. *Villanúa*, 20 D.P.R. 1 y 607; *Molinari* vs. *López Acosta*, 20 D.P.R. 510; *Stella vs. Corte*, 41 D.P.R. 635.

"Por estas razones se declara sin lugar la moción para que el demandado preste fianza para su libertad provisional mientras tramita su recurso de apelación."

La corte de distrito resolvió correctamente que ninguna apelación en un pleito sobre alimentos suspenderá la ejecución de la sentencia obtenida en el mismo. Pero no ha habido apelación contra la sentencia de alimentos, y la esposa puede proceder inmediatamente a su ejecución. El esposo no ha tomado acción alguna—ni podría tomarla—para impedir tal ejecución.

Sin embargo, lo que está ante nos no es la sentencia sobre alimentos, y sí una sentencia de desacato. Volviendo a la cuestión de si tal sentencia es apelable, encontramos que "Hasta la fecha este tribunal ha considerado, sin discusión, apelaciones de sentencias en procedimientos de desacato civil, bajo el artículo 295 del Código de Enjuiciamiento Civil, y apelaciones de sentencias en procedimientos de desacato criminal, bajo el artículo 345 del Código de Enjuiciamiento

Criminal." (*Sánchez* v. *Romany*, Juez, 53 D.P.R. 596.) Nada se ha traído ante nos que justifique el cambio de la regla establecida en *Sánchez* v. *Romany*.

■■ No obstante, se hace necesario que determinemos si éste es esencialmente un desacato civil o criminal, para poder determinar si el procedimiento en apelación debe ser civil o criminal. La fórmula para ello se encuentra establecida en el caso de *Pueblo* v. *Porto Rico Railway Light*, 59 D.P.R. 221, donde dijimos que (pág. 225) "el desacato criminal es aquél en que la acción de la corte va dirigida a vindicar una ofensa a su propia dignidad, independientemente de los derechos de las partes en el pleito, siendo de carácter civil cuando la acción de la corte va encaminada a proteger mediante un castigo un derecho particular comprendido en un litigio ante el mismo tribunal. Cuando de los actos imputados al querellado resulta que el desacato participa de una y otra índole, el aspecto criminal predomina sobre el civil y en ese caso se considera como desacato criminal a los efectos de la revisión de la sentencia por un tribunal superior." (Véase también *Nye* v. *U. S.* 313 U. S. 33, 42, 43.)

La misma idea ha sido expresada por el caso principal en cuanto a este punto. En él dice la Corte Suprema de los Estados Unidos que "No es el castigo sino más bien su carácter y propósito, los que a menudo ayudan a distinguir entre los dos grupos de casos. Si se impone por desacato civil, el castigo es reparador, y para beneficio del demandante. Pero si se impone por desacato criminal, la sentencia es punitiva, para vindicar la autoridad de la corte". ( *Gompers* v. *Bucks Stove & Range Co.* 221 U. S. 418, 441).

Algunas veces es difícil aplicar esta fórmula, toda vez que los procedimientos de desacato son *sui generis* y ocupan lo que podría decirse es la zona crepuscular entre los casos civiles y criminales.[1] Pero no existe mucha dificultad en el

---

[1] *W. A. & H. A. Root* v. *MacDonald*, 157 N. E. 684, a la página 688, (Mass. 1927).

presente caso, ya que la sentencia es por un término fijo de cárcel más bien que por encarcelación indefinida para obligar el cumplimiento de la sentencia de alimentos. Moskovitz, *Contempt of Injunction, Civil and Criminal,* 43 Col. L. Rev. 780[2] dice a las páginas 790-1 que "Frecuentemente la propia sentencia de desacato se usa para determinar si el desacato es civil o criminal. Sin embargo, este factor es uno a ser usado únicamente por una corte de apelación. Una corte de distrito no puede usarlo, a menos que esté en condiciones de aprender a realizar lo imposible. Cuando se ordena el pago de una multa al estado, la sentencia es punitiva y el procedimiento es considerado como desacato criminal. De igual modo, si se encarcela al acusado por un término fijo la sentencia es punitiva y el procedimiento criminal. Por el contrario, el hecho de que se ordene el pago de la multa a un demandante privado es un factor en que se descansa de cuando en vez al considerarse el procedimiento como uno de desacato civil."

Toda vez que la sentencia en este caso por un término fijo[3] es claramente punitiva más bien que reparadora, predomina el aspecto criminal en la misma y, a los fines de la apelación, la tratamos como criminal. Por tanto, la apelación suspende la ejecución de la sentencia (Artículo 353 Código de Enjuiciamiento Criminal, Edición de 1935, según fué enmendado por el artículo 4, Leyes de Puerto Rico, 1903, página 46) e impone el deber a la corte de distrito de fijar fianza (Artículo 374 Código de Enjuiciamiento Criminal, Edición 1935).

---

[2] Este artículo contiene una exhaustiva discusión, que ayuda grandemente, en cuanto a los muchos aspectos de esta intrincada cuestión.

[3] Bajo qué circunstancias, si alguna, podría imponerse una sentencia que no sea por un término fijo, en un caso como el presente, es una cuestión que no está envuelta en este recurso, y la dejamos sin resolver. Notamos, sin embargo, que la Ley Núm. 102, Leyes de Puerto Rico, 1937, no deja lugar a especulación sobre la cuestión ante nos, en cuanto a los casos radicados bajo tal Ley, en vista de su expresa disposición de que tales casos envuelven desacato *criminal. Cf.* el disponiéndose que se encuentra en el Artículo 263 del Código Penal.

La corte de distrito tuvo en mente el laudable propósito de cumplir con la disposición estatutaria al efecto de que la ejecución de una sentencia sobre alimentos no debe dilatarse por la apelación. La dificultad estriba en que en este caso no se apeló de la sentencia de alimentos, la cual se puede ejecutar en seguida. La apelación en este recurso es contra la sentencia de desacato. Puede ser que la Legislatura debiera ordenar la denegación de fianza en tales casos. Pero hasta que así lo disponga, son de aplicación al presente caso las disposiciones generales sobre fianzas en casos criminales.

*La resolución de la corte de distrito negándose a fijar fianza en apelación será revocada y se devolverá el caso a dicha Corte para que fije tal fianza.*

El Juez Presidente Sr. Travieso no intervino.