TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso de certiorari comparece el señor Ángel M. González y Ernestina Colón (en adelante los esposos González-Colón) para solicitar la revocación de una orden emitida el 3 de febrero de 2005 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante la referida orden, se declaró “No Ha Lugar” una moción de reconsideración sobre la designación de un perito judicial.
*238 La contención de los esposos González-Colón es que resulta improcedente la designación de un perito por el tribunal. Además, cuestionan la negativa del tribunal a encontrar a la señora Mercedes Alejandrino incursa en desacato civil, por incumplimiento de una sentencia dictada el 19 de octubre de 2000.
Para una cabal compresión del dictamen que habremos de emitir, es imperativo que realicemos un recuento del trámite procesal pertinente al caso que nos ocupa.
I
El 19 de octubre de 2000, el tribunal de instancia emitió una sentencia en la que resolvió que las colindancias de los solares en controversia eran las que aparecían en el plano aprobado por la Administración de Reglamentos y Permisos (A.R.P.E.). Por consiguiente, ordenó a doña Mercedes que destruyera aquella parte del vuelo de su residencia que trascendía a la propiedad de los esposos González-Colón.
El 9 de noviembre de 2000, los esposos González-Colón presentaron una moción en la que solicitaron al tribunal que impusiera un término de 60 días en el cual doña Mercedes debía destruir aquella parte del vuelo de su residencia que sobresalía a los límites de la propiedad de ellos. Solicitaron además, que ordenara un deslinde a fin de dejar claras las colindancias.
Mediante la orden emitida el 4 de diciembre de 2000, el foro sentenciador accedió a la petición. Ordenó que el deslinde fuera costeado por ambas partes equitativamente. A la par, concedió 60 días a doña Mercedes para destruir el vuelo de la casa, bajo apercibimiento de desacato por incumplimiento con lo ordenado.
Sin embargo, el 25 de mayo de 2001, los esposos González-Colón presentaron una moción en solicitud de desacato. Adujeron que doña Mercedes había incumplido con la orden del tribunal sin justificación alguna, por lo que procedía que se le encontrara incursa en desacato. Por otro lado, doña Mercedes se opuso. Adujo que los esposos González-Colón no querían realizar el deslinde e insistían en gestionar una querella contra el agrimensor contratado por ella.
Atendidas las mociones, el tribunal señaló una vista para el 9 de noviembre de 2001 a los fines de mostrar causa por la cual doña Mercedes no debería ser encontrada incursa en desacato. A tales efectos, se celebró la referida vista en cámara. En la misma, el licenciado Cintrón, como representante legal de doña Mercedes y el licenciado Rosado, en representación de los esposos González-Colón, acordaron que los agrimensores realizarían el deslinde el 14 de diciembre de 2001 a las 8:00 de la mañana. 
No obstante, pocos días después de la fecha acordada para el deslinde, los esposos González-Colón presentaron una moción en la que solicitaban vista para determinar si doña Mercedes había incurrido en desacato. Fundamentaron su solicitud en que el día pautado para el deslinde, el licenciado Cintrón interrumpió el proceso y expresó que su perito ya había marcado los puntos anteriormente, por lo que no era necesario marcarlos nuevamente. Acto seguido, el agrimensor y el licenciado Cintrón se retiraron, por lo que no se pudo culminar el proceso de deslinde. Basándose en esa conducta, los esposos señalaron que doña Mercedes y su abogado dilataban los procedimientos, evadían las órdenes del tribunal y las desacataban de forma obstinada y contumaz.
Evaluada la solicitud de desacato, el 9 de enero de 2002, el foro de instancia emitió una orden en la que concedió 15 días a doña Mercedes para coordinar la fecha cuando los agrimensores identificarían los puntos correspondientes al plano aprobado por A.R.P.E., de conformidad con la sentencia. Una vez más, el tribunal apercibió a doña Mercedes que de incumplir dicha orden podría encontrarla incursa en desacato. Para esa misma fecha, doña Mercedes presentó una moción en la que solicitó la imposición de sanciones económicas a su favor, por concepto de honorarios de agrimensor y abogado. Fundamentó su petición, en que los esposos González-Colón pretendían trazar los puntos de colindancia en contraposición al plano aprobado por el tribunal mediante sentencia final y firme.
*239 Así las cosas, se repitió la historia el 12 de marzo de 2002. Una vez más, los esposos González-Colón solicitaron al tribunal que doña Mercedes fuera encontrada incursa en desacato. Además, solicitaron que le impusiera severas sanciones económicas. Esta vez, fundamentaron su petición en que no recibieron comunicación alguna por parte de doña Mercedes, su agrimensor o su abogado para coordinar la fecha del deslinde ordenado, a pesar de que el agrimensor de los esposos González-Colón estaba en entera disposición para reunirse a esos fines.
Ante tal planteamiento, el 22 de abril de 2002, el foro recurrido determinó que la reunión para llevar a cabo el deslinde debía ser coordinada por el licenciado Rosado, abogado de los esposos González-Colón. De ese modo, le ordenó informar si intentó comunicarse con el representante legal de la otra parte.
Pocos días después, los esposos González-Colón presentaron otra moción en solicitud del pago de gastos, honorarios de abogado y agrimensor. Alegaron que el licenciado Cintrón impidió el deslinde que estaban realizando. En cambio, éste objetó la petición de la otra parte. Aseguró que había intentado coordinar el deslinde con el licenciado Rosado, pero que sus gestiones resultaron inútiles.
El tribunal reaccionó con una orden emitida el 29 de mayo de 2002, en la que concedió 10 días a las partes para coordinar el deslinde. Sobre el particular, el tribunal enfatizó: “Ninguna de las representaciones legales debe intervenir o impedir los trabajos de los agrimensores.” Sin embargo, dicha orden se cruzó con una moción informativa presentada el licenciado Rosado en la que indicaba que había cumplido con la orden del tribunal mediante el envío de una carta al licenciado Cintrón, a los fines de informarle las fechas que tenía disponibles para realizar el deslinde.
Posteriormente, los esposos González-Colón presentaron una moción en la que informaron que los abogados acordaron que el deslinde se llevaría a cabo el 12 de julio de 2002 a las 10:00 de la mañana. Según indicaron, el agrimensor de doña Mercedes nunca se presentó. En consecuencia, solicitaron permiso a doña Mercedes para que permitiera al agrimensor entrar a su propiedad para replantear los puntos de colindancia. El acceso fue permitido, por lo que el agrimensor replanteó los puntos de conformidad con el plano correspondiente.
Se desprende de la referida moción que al día siguiente, los esposos notaron que uno de los puntos fue removido y el otro, mutilado. Amparados en tales circunstancias, solicitaron al tribunal que declarara a doña Mercedes incursa en desacato y que se le ordenara el pago de los gastos del deslinde y los honorarios de abogado.
Nuevamente, los esposos González-Colón comparecieron mediante una moción. Solicitaron que el foro de instancia impusiera sanciones severas a doña Mercedes por el reiterado incumplimiento de las órdenes del tribunal. Al mismo tiempo, solicitaron que se declarara con lugar el deslinde realizado por su agrimensor y se condenara a doña Mercedes al pago de los gastos del deslinde ascendentes a $500.00. Igualmente, reclamaron que se le ordenara destruir la porción de su residencia que invade el predio de los esposos.
Como respuesta a la petición de los esposos González-Colón, el 1 de octubre de 2002, el foro de instancia impuso a doña Mercedes sanciones ascendentes a $500.00 por incumplimiento de la orden de deslinde e informe del agrimensor, al tiempo que le concedió 10 días para exponer su posición respecto a los puntos de deslinde presentados por el agrimensor de los esposos. El tribunal dejó claro que de no expresarse dentro del término concedido, se entendería que se allanaba a los puntos de deslinde presentados.
De ahí que doña Mercedes presentó una moción informativa acompañada de una declaración jurada del agrimensor, en la que negaba haber removido los puntos. A la par, el agrimensor expresó que replanteó los puntos de colindancia a tenor con el plano aprobado por A.R.P.E, según lo dispuso el tribunal mediante sentencia final y firme. Aseguró que los puntos replanteados permanecían en el mismo lugar y que no alteró la cabida.
*240 Continuó el trámite procesal con mociones en las que ambas partes se reiteraban en sus respectivas posiciones. De un lado, los esposos solicitaban que: 1) se declarara con lugar el deslinde realizado por su agrimensor, 2) se ordenara a doña Mercedes la destrucción de las partes de la estructura que invadían la propiedad de ellos, y 3) le impusieran a ésta el pago de honorarios de agrimensor y abogado. Por el otro, doña Mercedes mantenía su posición de que fueron los esposos González-Colón los que impidieron el deslinde al presentar la querella contra el agrimensor de ella. Igualmente, reiteró que sólo restaba determinar con precisión la parte del vuelo de la casa que había que demoler.
El 4 de febrero de 2003, el foro de instancia emitió otra orden en la que dispuso que doña Mercedes debía permitir que el agrimensor de los esposos González-Colón marcara los puntos de colindancia y las áreas de la residencia a ser demolidas. Además, ordenó que dentro del término de 10 días de ser marcada la colindancia, doña Mercedes debía demoler aquellas porciones de las estructuras que invadían la propiedad de los esposos González-Colón. Asimismo, condenó a doña Mercedes al pago de $3,000.00 en honorarios de abogado de los esposos González-Colón y $2,000.00, por concepto de los honorarios del agrimensor. El tribunal advirtió a doña Mercedes que de no cumplir la orden dentro del término dispuesto, se le condenaría por desacato civil, lo que conllevaría la reclusión carcelaria hasta tanto se cumpliera lo ordenado.
Inconforme, doña Mercedes acudió ante este foro apelativo mediante el recurso KLCE-2003-00292, en impugnación del pago de las cuantías ordenadas. Mientras este foro apelativo tenía ante su consideración el antes mencionado recurso de certiorari, los esposos González-Colón presentaron ante el tribunal de instancia una moción en la que reiteraron su solicitud de desacato. Ampararon su petición en el incumplimiento de doña Mercedes con la orden de demoler la porción de su residencia que invade la propiedad de los esposos, dentro de los 10 días siguientes a la demarcación de los puntos de colindancia.
Como respuesta a la petición de los esposos, el tribunal señaló una vista para el 16 de septiembre 2003. No obstante, pocos días antes de celebrarse esta vista, los esposos González-Colón insistieron al tribunal para que encontrara a doña Mercedes incursa en desacato, toda vez que alegadamente había construido un muro de contención, que invadía la propiedad de estos.
Celebrada la vista de desacato, el foro de instancia ordenó que los agrimensores de ambas partes inspeccionaran el área en controversia, establecieran los puntos de deslinde y presentaran un informe. Advirtió que el que no compareciera en la fecha y horas señaladas, recibiría una sanción económica de $1,000.00. Además, señaló una vista de seguimiento para el 16 de diciembre de 2003. Llegado el día, el licenciado Rosado informó que el agrimensor de doña Mercedes incumplió con lo ordenado, por lo cual reiteró su solicitud de desacato. De nuevo, el tribunal guardó silencio en cuanto al desacato solicitado. En cuanto a ese particular-, señaló otra vista para el 5 de febrero de 2004.
Durante la celebración de esta última vista, el licenciado Rosado reiteró que doña Mercedes debía ser encontrada incursa en desacato, por su reiterado incumplimiento de las órdenes del tribunal. Además, sugirió que se utilizara un tercer agrimensor, cuyos honorarios fueran pagados por la parte que resultara afectada por lo determinado por ese agrimensor. El tribunal nada dispuso en cuanto a la solicitud de desacato y dejó en suspenso la utilización del tercer agrimensor solicitado.
Mediante sentencia del 7 de abril de 2004, este foro expidió el auto de certiorari solicitado mediante el recluso KLCE-2003-0292 para revocar el dictamen recurrido en aquella paite que dispuso el pago de los honorarios del agrimensor. Confirmó el resto del dictamen en toda su extensión.
Una vez recibida la sentencia de este foro apelativo, los esposos González-Colón reformularon su petición de desacato contra doña Mercedes. En respuesta a lo solicitado, el tribunal designó como perito al ingeniero Jaime Isern Piñero para establecer los puntos de colindancia. Fijó sus honorarios en $150.00 por hora, a ser pagados por *241 ambas partes. Si bien el tribunal advirtió a las partes, abogados y peritos que de no cooperar con el ingeniero Isern, podida imponerles fuertes sanciones, obvió hacer manifestación alguna respecto al desacato tantas veces solicitado.
No conformes, los esposos solicitaron infructuosamente reconsideración. Adujeron que esta última orden retrocedía los procedimientos a la primera ocasión en que se ordenó el deslinde. Reafirmaron su posición en cuanto a la procedencia de que el tribunal encontrara a doña Mercedes incursa en desacato.
Acogida la moción de reconsideración, finalmente fue resuelta el 3 de febrero de 2005. La misma fue declarada NO HA LUGAR. Sin embargo, el tribunal expresó que dentro de los 10 días de haber recibido el informe rendido por el ingeniero Isern, señalaría vista para discutir la solicitud de desacato.
El 23 de febrero de 2005, los esposos González-Colón presentaron el recurso que nos ocupa. Sostienen que el tribunal recurrido en lugar de hacer cumplir la sentencia del 4 de febrero de 2003, erróneamente procedió a designar un nuevo perito para realizar el deslinde.
Evaluado el expediente en su totalidad, llegó al momento de resolver a la luz del derecho aplicable.
II
El foro de instancia está facultado para resolver las incidencias durante el trámite litigioso, conforme al sano ejercicio de su discreción. La discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ramírez Ferrer v. Policía de Puerto Rico, 2003 J.T.S. 3, op. 26 de diciembre 2002; Pueblo v. Ortega Santiago, 125 D.P.R. 203 (1990).
A tales efectos, el tribunal debe utilizar su discernimiento de forma razonable, teniendo como fin último alcanzar una solución justa. La discreción no puede ejercerse de forma arbitraria o irrazonable. Ramírez Ferrer v. Policía de Puerto Rico, supra. Ello es así porque el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad. Ramírez Ferrer v. Policía de Puerto Rico, supra; Rivera y otros v. Bco. Popular, 152 D.P.R. 140 (2000); Pueblo v. Ortega Santiago, supra.
De ordinario, merecen nuestra deferencia las actuaciones del foro de instancia al ejercitar facultades discrecionales. Como corolario de lo anterior, sólo intervendremos con el ejercicio de la discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera y otros v. Bco. Popular, supra; Lluch v. España Service, 117 D.P.R. 729 (1986). En cambio, si la actuación del tribunal no está desprovista de base razonable ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. Sierra v. Tribunal Superior, 81 D.P.R. 554 (1959).
Los esposos peticionarios aducen que erró el foro de instancia al no encontrar a doña Mercedes incursa en desacato y al designar un perito judicial. No debemos perder de vista de que estas actuaciones se encuentran dentro del marco de discreción del foro de instancia. En consecuencia, la parte que cuestiona prerrogativas inherentes al ejercicio de discreción judicial, viene obligada a demostrar que el tribunal incurrió en abuso de discreción.
Primeramente, determinaremos si el tribunal abusó de su discreción al no ejercer su facultad para imponer desacato civil a una parte que alegadamente incumplió las órdenes del tribunal en reiteradas ocasiones.
III
Los tribunales de primera instancia poseen el poder inherente para vindicar la majestad de la ley y para hacer *242 cumplir sus órdenes. La sana administración de la justicia y la disposición expedita de las controversias litigiosas, requieren que los jueces de instancia tengan flexibilidad para lidiar con la tramitación de los asuntos judiciales. Es por ello que se les ha reconocido poder para aplicar correctivos apropiados en el ejercicio de su sana discreción. In re: Collazo Maldonado, 2003 J.T.S. 78, op. 3 de abril de 2003; E.L.A. v. Asoc. de Auditores, 147 D.P.R. 669 (1999).
La mencionada autoridad de los tribunales para hacer cumplir sus decretos es necesariamente un incidente de su jurisdicción. Sin esa facultad, cualquier decreto sería inútil. Los tribunales no podrían protegerse contra el insulto ni hacer obedecer sus mandatos. Dubón v. Casanova, 65 D.P.R. 835 (1946). Por tal razón, es incuestionable su facultad inherente para condenar por desacato. In re: Hon. Díaz García, 2003 J.T.S. 15, op. 11 de febrero de 2003; Pueblo v. Vega, Jiménez, 121 D.P.R. 282 (1988); Pueblo v. Lamberty González, 112 D.P.R. 79 (1982); Pueblo v. Pérez Díaz, 99 D.P.R. 788 (1971). Este resulta un mecanismo esencial para la conservación del orden en los procedimientos judiciales y para hacer cumplir los dictámenes de los tribunales. Pueblo v. Pérez Díaz, supra.
En el desacato civil, tanto el propósito del caso como el remedio obtenido en el mismo, son de carácter reparador para beneficio de la otra parte. Pueblo v. Pérez Díaz supra; Dubón v. Casanova, supra; Germán v. Corte, 63 D.P.R. 612 (1944). Persigue lograr el cumplimiento de una orden emitida por el tribunal. In re: Cruz Aponte, 2003 J.T.S. 52, op. 7 de abril de 2003; E.L.A. v. Asoc. de Auditores, supra; Pres. del Senado, supra; Pueblo v. Pérez Díaz, supra; Dubón v. Casanova, supra.
Consiste en la imposición de una penalidad por un tiempo indefinido, sujeta a que la persona cumpla con una orden. Álvarez Elvira v. Arias Ferrer, 2002 J.T.S. 37, op. 18 de marzo de 2002; Pueblo v. Barreto Rohena, 149 D.P.R. 718 (1999); Pres. del Senado, 148 D.P.R. 737 (1999); E.L.A. v. Asoc. de Auditores, supra; Pueblo v. Pérez Díaz, supra; Dubon v. Casanova, supra. De esa manera, quien ha desacatado una orden del tribunal, tiene la llave de las puertas de la prisión en virtud del cumplimiento de su obligación, a la par que se le da una oportunidad a la paite perjudicada para obtener el remedio que realmente interesa. Pueblo v. Barreto Rohena, supra; Pres, del Senado, supra; E.L.A. v. Asoc. de Auditores, supra. La persona encarcelada puede poner fin a la sentencia y libertarse a sí mismo en cualquier momento, haciendo lo que anteriormente se había negado a hacer. Dubón v. Casanova,supra.
IV
En el caso que nos ocupa, no podríamos hablar de desacato, pues no es posible incumplir una orden que no existe. Si bien existe una sentencia que ordena demoler aquella parte del vuelo de la residencia de doña Mercedes' que se extiende hacia la propiedad de los esposos González-Colón, no dispone cuál parte específica de la residencia debe sufrir la demolición ni cuánta distancia ocupa del terreno de los esposos González-Colón.
Por tal razón es que los esposos solicitaron al tribunal que ordenara un deslinde. A todas luces es evidente que si la sentencia hubiera definido con exactitud cuál era la parte a demoler, se hubiera podido ejecutar la sentencia sin mayor dilación, sin necesidad de más medidas ni gastos de peritaje.
En vista de que el perito de doña Mercedes entendía que ya había medido y marcado los puntos, no los volvió a marcar. Este curso de acción no implica incumplimiento de la orden del tribunal, pues bajo su perspectiva, la orden ya había sido cumplida con anterioridad. En cambio, el perito de los esposos aseguraba que los puntos debían ser marcados, pues a su parecer los existentes no estaban según lo establecía el plano aprobado por A.R.P.E.
Todos los incidentes que han sobrevenido durante el proceso de ejecución de la sentencia no son otra cosa que una divergencia de criterio entre los peritos de cada una de las paites. Si tomamos como punto de partida la ocasión en que el perito de los esposos colocó los puntos, que luego fueron alegadamente removidos, quedó claro *243 que cada perito discrepaba al determinar los mismos.
Cada perito aseguró que utilizó como base el referido plano para realizar las medidas, pero cada uno marcó los puntos en lugares distintos. Seguramente, un solo plano no puede dar lugar a linderos distintos. Por consiguiente, al menos, la posición de uno de los peritos ha de estar errada.
Ante el conflicto con las medidas, el tribunal ha estado imposibilitado de emitir una orden concreta respecto a la parte a ser demolida, a los fines de ejecutar la sentencia. Por consiguiente, mientras el tribunal no determine exactamente cuál parte de la residencia es necesario demoler, las partes se verán imposibilitadas de ejecutarla.
Si bien cada parte ha venido culpando a la otra de incumplimientos de las órdenes del tribunal, lo que refleja el expediente es que cada perito ha interpretado el plano aprobado por A.R.P.E., de conformidad a los mejores intereses de la parte que contrata sus servicios. Ante este cuadro fáctico, concluimos que no abusó de su discreción el foro recurrido al no encontrar incursa en desacato a doña Mercedes.
Aun cuando el tribunal hubiera ejercido su facultad de castigarla por desacato hasta que permitiera que el perito de la otra parte volviera a marcar los puntos, no resolvería nada, pues subsistiría la controversia sobre cuál de las dos opiniones periciales era la correcta. De ese modo, únicamente se encarcelaría a una persona para dirimir conflictos de credibilidad en las respectivas opiniones periciales, en contravención con el propósito reparador del desacato civil.
Distinto sería el caso si no estuvieran en controversia aún los linderos, pues una vez claras las colindancias doña Mercedes vendría obligada a cumplir con la demolición, de conformidad con el deslinde. Sólo entonces, si incumpliera con esa obligación, podría ser encontrada incursa en desacato.
Contestada en la negativa la primera paite del señalamiento de error, evaluemos si incurrió en abuso de discreción al designar un perito judicial.
y
La pericia es uno de los medios de prueba auxiliadores al desempeño judicial, en el cual la sabiduría del perito se aplica a la solución de controversias jurídicas. Como cualquier otro testigo, la función del perito es dar a conocer la verdad, derivada de su conocimiento especializado. San Lorenzo Trad.., Inc. v. Hernández, 114 D.P.R. 70 (1983).
Aunque las reglas permiten que las partes presenten peritos, la orientación moderna persigue estimular el nombramiento del perito judicial, designado por el tribunal. Esta última figura pretende evitar que los peritos se conviertan en testigos particulares de las partes, pues su testimonio ante el tribunal no va ligado a un endoso previo a cualquiera de los litigantes. San Lorenzo Trad., Inc. v. Hernández, supra; Urrutia v. A.A.A., 103 D.P.R. 643 (1975).
Es la eterna historia de la prueba pericial. Testigos instruidos que generalmente ponen sus conocimientos técnicos al servicio de la parte que los presenta y en muchas ocasiones, constituyen uno de los riesgos mayores que un juez encuentra para impartir justicia. Urrutia v. A.A.A., supra. En cambio, el perito forense seleccionado por el tribunal, indudablemente es el medio más efectivo para llegar' al conocimiento de la verdad. Bahr v. Am. Railroad Co., 61 D.P.R. 917 (1943).
Como resultado de lo anterior, está ampliamente reconocida por la jurisprudencia la facultad inherente del tribunal para compeler a la citación de peritos ajenos a los de las partes, con sujeción a las condiciones que discrecionalmente considere apropiadas, como disponer su compensación por uno o ambos litigantes. Urrutia v. A.A.A., supra. Tal poder emana de una obligación que trasciende la concepción de que el juez es un mero *244 espectador de la pugna judicial, que se nutre del respeto que deben poseer los jueces en el empeño de cumplir cabalmente con el precepto ético de que en todo momento, sus actuaciones han de auspiciar el descubrimiento de la verdad como base esencial para impartir la justicia. Urrutia v. A.A.A., supra.
Resulta contradictoria la posición de la paite peticionaria. Ahora se opone al nombramiento de un perito del tribunal. Arguye que esta orden retrocede los procedimientos a la primera ocasión en que se ordenó el deslinde. No obstante, fue esa misma parte la que sugirió durante la vista celebrada el 5 de febrero de 2004 que se utilizara un tercer agrimensor.
En el sano ejercicio de su discreción, el tribunal decidió acceder al nombramiento de un perito judicial, en aras de no continuar en el estancamiento producido por la divergencia de criterio entre los agrimensores. Sin duda alguna, el foro de instancia tiene la facultad para nombrar un perito judicial, que no tenga un endoso previo a favor de cualquiera de los litigantes. Más aún, en una situación como la que presenta este caso, en la que cada paite cuenta con un perito que asegura que su posición se apoya en plano aprobado por el tribunal mediante sentencia final y firme, pero las posiciones de los linderos no concuerdan entre sí.
Con la manifiesta negativa de los peritos de las partes a estipular los linderos de cada propiedad de conformidad con el plano aprobado por A.R.P.E., es evidente la necesidad de un perito objetivo que ilustre al tribunal. Es indiscutible que dicho foro tiene el deber de descubrir la verdad y para ello cuenta con la facultad inherente de designar- un perito cuando lo estime necesario.
VI
El caso de autos constituye el mejor ejemplo de cuándo resulta necesario un perito judicial. De otra forma, se seguiría postergando indefinidamente la ejecución de la sentencia, mientras se resuelven controversias similares a las que provocan el presente recurso.
No habiendo demostrado la parte peticionaria que el foro recurrido incurrió en abuso de discreción al nombrar un perito judicial, no intervendremos con su criterio al ejercer esa facultad. En vista de que la actuación del tribunal no está desprovista de base razonable ni perjudica los derechos sustanciales de la parte peticionaria, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del caso.
En mérito de todo lo anteriormente expuesto, se expide el auto de certiorari solicitado a los únicos efectos de confirmar la resolución recurrida.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones